**In re GUARDIANSHIP OF FISHER.**

[Cite as *In re Guardianship of Fisher* (1993), 91 Ohio App.3d 212.]

Court of Appeals of Ohio,
Hancock County.

No. 5–93–31.

Decided Oct. 20, 1993.

*Karen E. Elliott,* for appellant Stella Ann Miller.

*Charles Weasel,* for appellee Charles Fisher.

EVANS, Presiding Judge.

Stella Ann Miller appeals from the judgment of the Court of Common Pleas of Hancock County, Probate Division, granting Charles Fisher's motion to dismiss her application to be appointed guardian of Lois Anita Fisher, alleged incompetent. The probate court found that it lacked jurisdiction to consider the application for appointment of a guardian because Lois Anita Fisher was not a resident of Hancock County and had no legal settlement therein. We affirm the judgment of the probate court.

## I

Stella Ann Miller and Charles Fisher were divorced in May 1981 in the state of Indiana. At the time of the divorce the parties had a developmentally disabled minor daughter, Lois Anita Fisher (born 7/22/64), who was sixteen years of age. Custody of Lois was originally granted to Stella. Approximately three months later, with the consent of the parties, Charles obtained custody of Lois, who has continued to reside with him in Indiana since that time with occasional trips to Ohio to visit her mother who lives in Hancock County.

On March 18, 1993, Stella traveled to Indiana and picked up Lois for a visit that was to last until April 11, 1993, Easter Sunday. On March 24, 1993, Stella filed an application for appointment of guardianship, requesting that Lois be declared incompetent and that she be appointed guardian of Lois's person and estate. Stella testified that when she picked Lois up on March 18, 1993, it was with the intent to bring Lois to Ohio and file for a guardianship. In fact, Stella had already made arrangements with a local psychologist to have Lois tested for purposes of the guardianship application. Prior to this time, no guardianship had ever been established over Lois in either Ohio or Indiana.

Contending that Lois was not an Ohio resident, Charles challenged the jurisdiction of the probate court to grant the guardianship request. After conducting an evidentiary hearing and receiving written arguments from the parties, the probate court granted Charles's motion to dismiss finding that Lois had neither a residence nor legal settlement in Ohio as required by R.C. 2111.02(A) for the appointment of a guardian.

From this judgment Stella Ann Miller appeals.

## II

Appellant asserts one assignment of error:

"The trial court erred in concluding that the proposed ward was not a resident of the State of Ohio where she was physically present in Ohio at the time of the application and had a place of abode with her mother, and therefore erred in dismissing the application for guardianship."

The probate court is a court of limited jurisdiction possessing authority to hear actions only as conferred upon it by the Constitution and the General Assembly. See Section 4(B), Article IV of the Ohio Constitution; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708, 710.

R.C. 2111.02(A) provides in part:

"When found necessary the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided that the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *."

This statute contains a jurisdictional provision precluding a court from providing a guardian for a ward who does not reside, or have a legal settlement, in the county.

■ "Domicile," "residence" and "legal settlement" are not synonymous. Domicile ordinarily has a broader meaning than residence, in that it conveys a fixed, permanent home to which one intends to return and from which one has no present purpose to depart. *Hager v. Hager* (1992), 79 Ohio App.3d 239, 244, 607 N.E.2d 63, 66. One does not have to be physically present at the location where he is domiciled in order to maintain that location as his domicile. Although an individual may have several residences, he can be domiciled in only one place at any given time. *Spires v. Spires* (1966), 7 Ohio Misc. 197, 200, 35 O.O.2d 289, 292, 214 N.E.2d 691, 694.

■ Although a party's domicile generally coincides with his place of residence, a residence is something less than one's domicile. Residence has been defined by its ordinary meaning as "a place of dwelling." *In re Fore* (1958), 168 Ohio St. 363, 371, 7 O.O.2d 127, 131, 155 N.E.2d 194, 199. Residence requires the actual physical presence at some abode coupled with an intent to remain at that place for some period of time. *LeSueur v. Robinson* (1988), 53 Ohio App.3d 9, 12, 557 N.E.2d 796, 799, and cases cited therein. Merriam–Webster's Collegiate Dictionary (1993) defines abode as "a temporary stay" or "the place where one abides." Thus, the term "residence" connotes an element of permanency rather than a location where one simply visits for a period of time.

■ Using both a statutory analysis and a traditional definitional approach, this court interpreted "legal settlement" as used in R.C. 2111.02 by relying on the

welfare provision of R.C. 5113.05 to conclude that one year's continuous residency was necessary to establish legal settlement. *In the Matter of Rawlins* (June 7, 1983), Marion App. No. 9–82–47, unreported, 1983 WL 7278. R.C. 5113.05 as relied on in *Rawlins* was repealed in 1987. This, however, does not mean the *Rawlins*'s requirement that some degree of continuity be shown in order to establish legal settlement is inapplicable to the present case. This court is still of the opinion that "legal settlement" connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks.

## III

■ Considering these definitions, we find that Lois was not a resident of Hancock County. Nor did she have a legal settlement there. The record indicates that Lois came to Ohio every three months simply to visit with her mother. In 1992 Lois spent a total of approximately six weeks in Ohio. Stella testified that she picked Lois up in Indiana with the intent of bringing her to Ohio for a visit and that she would return to Indiana on Easter, unless the guardianship application was granted.

The fact that Lois had clothes, toys and bedroom furniture at her mother's home is not dispositive of the residency issue. Likewise, Lois's receiving mail, attending church and having medical care available in Hancock County do not fully indicate where Lois resides. These are normal activities of any child visiting her noncustodial parent.

In contrast, there was sufficient evidence to support the probate court's conclusion that Lois was a resident of Indiana. For example, she lived in Indiana most of her life and has most of her friends and possessions there. She attends school in Indiana and has her medical doctor, dentist, gynecologist and optometrist in Indiana. Also, the record indicates that Lois receives a monthly financial benefit from Indiana.

## IV

We conclude that the trial court did not err in dismissing the guardianship application for lack of jurisdiction. Lois was not a resident of Hancock County. Nor did she have legal settlement there. The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.