OPINION
Appellant, Donna C. Meucci, appeals a decision of the Butler County Court of Common Pleas, Probate Division, denying her Civ.R. 60(B) motion to set aside the trial court's entry appointing Barbara Reisen ("Reisen") the legal guardian of the women's mother, Elizabeth Meucci ("Meucci"). The decision of the trial court is affirmed.
Meucci lived most of her life in Uniontown, Pennsylvania with her husband. When her husband died in 1998, her three children agreed that she should not live alone. Meucci executed a power of attorney which named appellant her attorney in fact and Meucci went to live with Reisen in California. After several months, Meucci left California and went to live with appellant in New Jersey. In June 1999, she went to live with Reisen in Butler County, Ohio.
In September 1999, Reisen learned that appellant had used her authority as attorney in fact to combine all of Meucci's remaining funds into a joint and survivor certificate of deposit in the name of both Meucci and appellant. Reisen also had concerns about appellant's use of their mother's funds to maintain Meucci's former home in Pennsylvania, which had been deeded to appellant some years earlier. Meucci executed a new durable power of attorney which revoked appellant's authority as attorney in fact, and appointed Reisen as Meucci's attorney in fact.
On November 24, 1999, appellant filed a motion in Fayette County, Pennsylvania requesting the appointment of a guardian for Meucci. However, the Fayette County court was unable to obtain personal service on Meucci and accordingly lacked jurisdiction to hear the matter.
Reisen then filed an application for the appointment of a guardian for Meucci in Butler County, Ohio. Reisen was represented by attorney James Keys in the action, as was Meucci. On December 29, 1999, Reisen was appointed Meucci's guardian. On January 18, 1999, appellant filed a "motion to set aside entry appointing guardian, dismiss the guardianship, and recuse appellant's counsel based upon a conflict of interest." The trial court treated appellant's motion as a Civ.R. 60(B) motion to set aside judgment. The trial court denied the motion. Appellant appeals raising a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT/MOTION TO SET ASIDE ENTRY APPOINTING GUARDIAN, DISMISS THE GUARDIANSHIP, AND RECUSE APPLICANT'S COUNSEL BASED UPON A CONFLICT OF INTEREST.
Civ.R. 60(B) states in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) * * * it is no longer equitable that the judgment should have prospective application; (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
A party bringing a motion under Civ.R. 60(B) may prevail only upon demonstrating the following three elements: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
It is within the trial court's discretion to decide whether or not to grant a party's Civ.R. 60(B) motion to set aside a judgment. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Accordingly, a trial court's decision granting or denying a Civ.R. 60(B) motion will not be disturbed absent an abuse of discretion. GTE at 148. More than an error of judgment or law, an abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary and unconscionable. Edwardsv. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
Appellant's motion was filed on January 8, 2000, within three weeks of the appointment of the guardian and well within the timeliness requirement of Civ.R. 60(B). Appellant has likewise stated several meritorious defenses which she would present if the Civ.R. 60(B) motion were granted. Accordingly, our focus lies with whether she is entitled to relief under one of the grounds enumerated in Civ.R. 60(B)(1)-(5).
After stating this court's standard of review, appellant presents four additional subissues under her assignment of error. Although she does not state to which prong of the GTE test these subissues supposedly are relevant, we will assume that they are intended to indicate her alleged grounds for relief under Civ.R. 60(B)(1)-(5). Appellant further fails to identify under which subsection of Civ.R. 60(B) she is entitled to relief. Nonetheless, we will address each of the subissues in turn to determine whether appellant is entitled to relief under Civ.R. 60(B).
Appellant first contends that the trial court's jurisdiction was improperly obtained. Appellant argues that Meucci's residency in Ohio was acquired by the unlawful restraint of Meucci by Reisen, a criminal misdemeanor in violation of R.C. 2905.03(A). Appellant concludes that only Pennsylvania has jurisdiction to properly decide the matter. However, there is nothing in the record to indicate that Reisen was charged with or convicted of the criminal activity alleged by appellant. We accordingly find this argument to be without merit.
Next, appellant argues that the probate court had no jurisdiction over Meucci because she was not a resident of Butler County, Ohio. The probate court is a court of limited jurisdiction, possessing authority to hear actions only as conferred upon it by the Ohio Constitution and the Ohio General Assembly. Section 4(B), Article IV, Ohio Constitution;Corron v. Corron (1988), 40 Ohio St.3d 75, 77. R.C. 2111.02(A) provides in part:
 When found necessary the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided that the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *.
"Residence" has been defined by its ordinary meaning as "a place of dwelling." In re Fore (1958), 168 Ohio St. 363, 371. Residence requires the actual physical presence at some abode coupled with an intent to remain at that place for some period of time. In re Fisher (1993),91 Ohio App.3d 212, 215 (citations omitted). A "legal settlement" connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks. Id. at 216.
At the time of the hearing, Meucci had resided in Butler County for approximately seven months. Although Meucci had lived most of her life in Pennsylvania, she no longer owned property there, and there was no evidence to indicate that she ever intended to return to Pennsylvania. Rather, the parties agreed that she could not live alone, and that Meucci would have to live in either Ohio or New Jersey with one of her daughters.
Although there was some evidence which indicated Meucci's desire to visit appellant in New Jersey, nothing in the record indicates that Meucci intended to live anywhere other than Butler County. Meucci's home in Pennsylvania had been deeded to appellant several years earlier. Meucci's only remaining assets in Pennsylvania were several bank accounts. Meucci has physicians in Butler County and has been in treatment in Butler County for her dementia. She also receives at least some of her mail in Butler County.
Upon review of the record, we find no abuse of discretion by the trial court in finding that Meucci was a resident of Butler County, and that she had a legal settlement in Butler County.
Appellant also contends that it was improper for Reisen's attorney to also represent Meucci in the guardianship proceeding.
The purpose of the guardianship hearing was to determine whether Meucci indeed required a guardian and to make the appointment if necessary. R.C. 2112.02(A) requires that the person for whom a guardian is to be appointed have "the opportunity to have the assistance of counsel in the proceeding for the appointment of such guardian." During the guardianship proceeding, Meucci was represented by the same attorney who represented Resien.
In addressing this portion of appellant's Civ.R. 60(B) motion, the trial court found that appellant's claim of conflict of interest was rendered moot since the parties stipulated that Meucci required a guardian. We agree. Meucci's attorney advocated that a guardian be appointed for her benefit, a position agreed to by the parties. The attorney advocated on Meucci's behalf for the appointment of a guardian, and we find that there was no conflict of interest in the dual representation.
Appellant next contends that the trial court should have suspended the guardianship upon learning that a prior application for guardianship had been filed in Pennsylvania. In support of this contention, appellant cites R.C. 3109.24(A), which prohibits an Ohio court from exercising jurisdiction over a child custody matter if a parenting proceeding regarding the child is pending in a court of another state, exercising substantially similar jurisdiction.
While appellant has provided an accurate statement of Ohio child custody law, Ohio's guardianship statute does not set forth the jurisdictional prohibition contained in the custody statute cited by appellant. Appellant has failed to cite to any authority which indicates that R.C. 3109.24(A) is applicable in a guardianship proceeding. Rather, as stated above, we find no abuse of discretion in the trial court's determination that Meucci is a Butler County resident. Accordingly, it was appropriate for the trial court to exercise its jurisdiction over the matter.
Appellant lastly argues that the trial court's decision should be set aside because she did not receive notice that an application for guardianship had been filed. R.C. 2111.04(A)(2)(b) requires that notice be served on "the next of kin of the person for whom appointment is sought who are known to reside in this state." Appellant resides in New Jersey, not Ohio, and therefore, pursuant to statute, she was not entitled to notice of the guardianship proceeding.
We find that appellant has failed to demonstrate that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Accordingly, we find no abuse of discretion by the trial court in overruling appellant's motion to set aside the entry appointing a guardian. The assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.