**In re GUARDIANSHIP OF REPLOGLE.**

[Cite as *In re Guardianship of Replogle,* 164 Ohio App.3d 54, 2005-Ohio-5530.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1649.

Decided Oct. 14, 2005.

James S. Detling, for appellant, Jennie Lee Clark.

Julie L. Monnin, for appellee, Nancy Smith.

FAIN, Judge.

{¶ 1} Appellant, Jennie Lee Clark, appeals from a judgment of the Darke County Court of Common Pleas, Probate Division, terminating her guardianship over the person of Elizabeth Replogle and deferring to a guardianship action pending in Indiana.

{¶ 2} Clark contends that the trial court erred by terminating the guardianship. She also contends that the trial court improperly failed to maintain jurisdiction over the matter and that the trial court erred by giving full faith and credit to a prior Indiana guardianship judgment.

{¶ 3} For the reasons set forth below, we conclude that the trial court did not improperly terminate the Ohio guardianship, given that a prior guardianship proceeding was ongoing in Indiana. We further conclude that the trial court did not give preclusive effect to the Indiana judgment, but merely found that the matter could be more effectively disposed of by the Indiana court. We conclude that the trial court did not determine that it lacked jurisdiction over Elizabeth Replogle, but merely determined that the better forum for the guardianship proceeding was in the Indiana court.

{¶ 4} The judgment of the trial court is affirmed.

I

{¶ 5} The record in this case is sparse. The relevant facts are gleaned from the pleadings. Elizabeth Replogle is a 41–year–old mentally retarded adult who was born in Indiana and has resided there for most of her life. Beginning in 1982, an Indiana court appointed a guardian for Replogle. In 1990, the Indiana court appointed Replogle's mother, Jeanenne Zierer, as guardian. In January 2004, Elizabeth's sister, Nancy Smith, filed a petition in the Indiana court seeking to have Zierer removed as the guardian. The petition contained allegations of abuse perpetrated by Zierer against Replogle. Within two weeks of the filing of the removal petition, Replogle was moved to a nursing home facility in Darke County, Ohio. The move was made without notice to, or approval of, the Indiana court.

{¶ 6} Following Replogle's removal to Ohio, proceedings were initiated in Indiana, seeking her return to that state. A hearing was held, and on May 25, 2004, the Indiana court entered an order requiring Zierer to return Replogle to Indiana.

{¶ 7} Immediately thereafter, Jennie Lee Clark filed the guardianship action with which this appeal is concerned in the Darke County Court of Common Pleas, Probate Division.[1] Clark asked the court to appoint her as Replogle's guardian. An ex parte judgment entry was entered, appointing Clark as the emergency guardian of Replogle for a limited time. Smith then filed a motion with the Ohio court, seeking to have the court give full faith and credit to the Indiana guardianship and seeking termination of the Ohio guardianship.

{¶ 8} The trial court entered an order terminating the guardianship action filed by Clark. The trial court stated that it felt there was something "fishy" about Clark's action and further stated that Zierer should obey the mandate of the Indiana court requiring Replogle's return to Indiana. However, the court stayed its order pending a determination by the Indiana court as to where Replogle should be located. The trial court stated that it would accept jurisdiction of this matter only if the Indiana court determined that Replogle should remain in Darke County.

{¶ 9} From this order, Clark appeals.

II

{¶ 10} Clark's first assignment of error states:

{¶ 11} "The trial court erred in granting appellee Nancy Smith's motion to terminate the guardianship filed by appellant Jennie Lee Clark."

{¶ 12} Clark's argument in this assignment of error focuses solely on her claim that the trial court incorrectly determined that it lacked jurisdiction to appoint a guardian for Replogle. In support, Clark argues that Replogle was a resident of Darke County at the time of the appointment. Thus, she argues that the trial court had jurisdiction over the matter pursuant to R.C. 2111.02(A).

{¶ 13} R.C. 2111.02(A) provides, "When found necessary, the probate court * * * on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *." The statute, thus, prevents a court from providing a guardian for a ward who does not reside or have a legal settlement in the county. For purposes of the guardianship statute, "[r]esidence requires the

---

1. This record does not clarify what relationship, if any, Clark shares with Replogle.

actual physical presence at some abode coupled with an intent to remain at that place for some period of time." *In re Guardianship of Fisher* (1993), 91 Ohio App.3d 212, 215, 632 N.E.2d 533. " '[L]egal settlement' connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks." Id. at 216, 632 N.E.2d 533.

{¶ 14} Clark's argument misconstrues the judgment of the trial court. While the trial court noted that the issue of Replogle's residency was difficult to determine under the facts of this case, in no way did the trial court determine that it lacked jurisdiction over this matter. The court merely decided that given the state of the proceedings in Indiana, the issue of Replogle's best interest could more appropriately be determined by the Indiana courts.

{¶ 15} We also note that, under the facts of this record, Clark has failed to establish clearly that Replogle resides or has a legal settlement in Darke County. While there is evidence that Replogle has been in a care facility located in Darke County for approximately five months, the record also indicates the possibility that Zierer moved Replogle to Ohio solely for the purpose of avoiding the termination of her status as guardian in Indiana.

{¶ 16} Given the state of the record in this case, and given that the trial court did not, as Clark contends, decide that it lacks jurisdiction over this matter, we find this assignment of error without merit. The first assignment of error is overruled.

## III

{¶ 17} Clark's fourth assignment of error provides:

{¶ 18} "The trial court erred by giving full faith and credit to an Indiana order which was never properly authenticated as part of the court record."

{¶ 19} Clark contends that the trial court erred because it gave full faith and credit to the Indiana guardianship order, despite the fact that the Indiana record was not properly certified.

{¶ 20} Ohio's foreign judgment enforcement provision is set forth in R.C. 2329.022. That statute provides, "A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas."

{¶ 21} Section 1738, Title 28, U.S.Code provides:

{¶ 22} "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."

{¶ 23} In this case, it appears that the judgment of the Indiana court was not properly authenticated because Smith failed to attach a judge's certification in accord with the statutory requirements. However, Clark failed to raise any objections to the foreign judgment at the trial-court level. A failure to preserve error regarding the proper authentication of a foreign judgment waives the matter for purposes of appeal. See *Rose v. U.S. Vend* (Jan. 14, 1993), Cuyahoga App. No. 61626, 1993 WL 7931. Therefore, we need not consider this argument.

{¶ 24} Smith argues that the trial court was required to give preclusive effect to the Indiana judgment under the Full Faith and Credit Clause, Section 1, Article IV of the United States Constitution. But the forum state is not required by this clause to give a foreign judgment more preclusive effect than it would have in the rendering state. *Kovacs v. Brewer* (1958), 356 U.S. 604, 607, 78 S.Ct. 963, 2 L.Ed.2d 1008. Because a guardianship order is obviously modifiable in the rendering state, it is necessarily modifiable in the forum state.

{¶ 25} In any event, as pointed out in Part IV below, we conclude that the trial court's order does not give preclusive effect to the Indiana order, but merely defers to the Indiana court as being a better forum in which to determine Replogle's best interest. Thus, we conclude that this assignment of error lacks merit.

{¶ 26} The fourth assignment of error is overruled.

IV

{¶ 27} Clark's second and third assignments of error are as follows:

{¶ 28} "The trial court erred by giving full faith and credit to the Indiana order.

{¶ 29} "The trial court erred by failing to maintain jurisdiction over the ward, notwithstanding the fact that the Indiana guardianship proceedings were pending at the time of the filing of the Ohio application."

{¶ 30} Clark argues that because the Ohio court had jurisdiction over the guardianship filed in Darke County, it acted erroneously by rejecting that jurisdiction and by accepting the Indiana judgment. In support, she claims that

once Replogle had become a resident of Ohio, the Darke County court acquired jurisdiction over her. She also cites *In re Meucci* (Dec. 26, 2000), Butler App. No. CA2000–03–046, 2000 WL 1875737, for the proposition that the Darke County court may appropriately exercise jurisdiction despite the fact that "prior proceedings had been filed in a sister state at the time of the application."

{¶ 31} We begin by noting that *Meucci* is not dispositive. In that case, the ward, Elizabeth Meucci, had lived most of her life in Pennsylvania. However, after the death of her husband, she moved to California to reside with her daughter Barbara. Elizabeth then moved to New Jersey and lived with her other daughter, Donna. Subsequently, Barbara and Elizabeth moved to Butler County, Ohio, where they resided together.

{¶ 32} Donna filed a guardianship application in Pennsylvania, seeking an appointment as guardian for her mother. However, the Pennsylvania court was unable to obtain jurisdiction, and the action was not pursued. *Meucci,* supra. Subsequently, Barbara filed a guardianship action in Ohio and was appointed guardian. Donna then filed a motion to set aside the guardianship upon the grounds that Elizabeth was not a resident of Ohio and that a prior action had been filed in Pennsylvania. The motion was denied.

{¶ 33} On appeal, the Butler County Court of Appeals held that the trial court did not abuse its discretion by appointing a guardian because the record demonstrated that Elizabeth intended to reside in Butler County and because Donna failed to provide authority for her contention that the prior action barred the Ohio action. *Meucci,* supra.

{¶ 34} In this case, there is no dispute that the Indiana court had jurisdiction over the matter at the time the guardianship was filed there. Furthermore, the record does not positively establish that Replogle intended to reside in Darke County. Upon this record, it is possible to find that Replogle was moved to Darke County in order to avoid the Indiana court's rulings. Additionally, we conclude that upon this record, one could infer that Clark's guardianship action was filed in order to mount a collateral attack upon the Indiana judgment.

{¶ 35} We cannot say that the trial court inappropriately declined to exercise jurisdiction over this matter. The trial court was within its discretion in finding that Indiana, where Replogle's guardianship had been pending for years, was a more convenient forum than Ohio, to which Replogle had been recently removed in what appeared to be an attempt to circumvent proceedings in the Indiana court relating to an effort to remove the guardian upon allegations of abuse. See *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370.

{¶ 36} The second and third assignments of error are overruled.

V

{¶ 37} All of Clark's assignments of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN, P.J., and YOUNG, J., concur.

FREDERICK N. YOUNG, J., retired, of the Second Appellate District, sitting by assignment.