OPINION
{¶ 1} Appellee/cross-appellant, Emily Loube, appeals the judgment entry of the Lake County Court of Common Pleas, Probate Division, denying her Motion for Attorney Fees against the appellant/cross-appellee, Dr. Julian Loube. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Sometime in August 2006, Julian Loube called his father, Dr. Samuel Loube, and was informed by his father's wife of approximately 30 years, Emily Loube, *Page 2 
that his father, who was suffering from Dementia and Alzheimer's disease, had fallen and sustained minor injuries. She relayed to Julian that his father was recovering in a nursing home. Julian and his wife traveled from their home in Ohio to visit his father on August 12, 2006, in Florida. At the nursing home, Julian determined his father had serious, untreated wounds, and had him transported to a local hospital. Samuel's wounds were treated and he underwent a hip replacement surgery. He was then moved to a rehabilitation center. On September 27, 2006, Julian transported his father, without Emily's knowledge, from Florida to Ohio. Prior to his move to Ohio, Samuel had lived with Emily for approximately 20 years in Fort Myers, Florida.
 {¶ 3} On October 13, 2006, Julian filed an Application for Appointment of Guardian. A hearing was held by a magistrate on November 11, 2006, and a Magistrate's Decision was submitted. Objections were filed and a hearing before the trial court was held on March 13, 2007. At that time, the court modified the magistrate's decision and returned the matter to the magistrate. After a second hearing, the magistrate issued a decision on June 28, 2007, recommending that the court had no jurisdiction to hear the Application for Appointment of Guardian due to the fact that 17 days in Lake County was insufficient to establish legal settlement of the proposed ward, Samuel. The court filed a Judgment Entry on July 17, 2007, adopting the magistrate's decision and dismissing Julian's application for lack of jurisdiction.
 {¶ 4} On July 18, 2007, Julian filed a second Application for Appointment of Guardian, arguing the second application was not precluded by res judicata because the facts were different. In the previous application, the proposed ward, Samuel Loube, had only resided in Lake County for 17 days prior to the application being filed, *Page 3 
whereas, at the time of the second application, the time had increased to 9 months in Lake County. Emily filed several motions in response including: a Motion to Dismiss Application for Appointment of Guardian Due to Res Judicata, Motion to Dismiss Application for Appointment of Guardian Due to Lack of Jurisdiction, Objections to Application for Appointment of Guardian of Alleged Incompetent Person, and a Motion for Award of Attorneys Fees and Litigation Expenses Incurred in Application for Appointment filed October 13, 2006, due to Applicant's Frivolous and Unlawful Conduct.
 {¶ 5} The trial court held, on August 27, 2007, that it had already determined the issue of jurisdiction in its judgment entry dated July 17, 2007. The court reasoned that the elapsing of time should not be counted as time located in Lake County to establish legal settlement, thereby finding the motions of Emily, with the exception of Award of Attorneys Fees, to be well taken. The trial court found that the first Application for Appointment of Guardian, filed on October 13, 2006, was not frivolous. The court reasoned that the application was not filed merely to harass or injure Emily Loube and that Julian had a rational basis for his position.
 {¶ 6} On September 7, 2007, Julian filed a notice of appeal with this court from the August 27, 2007, judgment entry of the trial court, claiming that the court erred in finding that the doctrine of res judicata precluded the court from assuming jurisdiction over a second Application for Appointment of Guardian. Emily filed a cross-appeal, claiming that the trial court erred or abused its discretion when it denied her Motion, under R.C. 2323.51, for an award of attorney's fees for Julian's frivolous conduct in filing and pursuing both Applications for Appointment of Guardian. *Page 4 
 {¶ 7} On January 29, 2008, Emily moved this court to dismiss the appeal because the merits were rendered moot by Samuel's death on January 3, 2008. We granted Emily's Motion to Dismiss with respect to Julian's assignments of error regarding the Application for Appointment of Guardian, and allowed her cross-appeal, which does not pertain to the appointment of a guardian, to proceed.
 {¶ 8} Emily Loube, appellee/cross-appellant, raises the following cross-assignment of error:
 {¶ 9} "[1.] The trial court erred or abused its discretion when it denied appellant's motion under R.C. 2323.51 for an award of attorney's fees for appellant's frivolous conduct in filing and pursuing the application no. 1 guardianship proceeding filed October 13, 2006 and the application no. 2 guardianship proceeding filed July 18, 2007."
 {¶ 10} "The question of what constitutes frivolous conduct may be either a factual determination, e.g. whether a party engages in conduct to harass or maliciously injure another party, or a legal determination, e.g. whether a claim is warranted under existing law." Curtis v. HardKnox Energy, Inc., 11th Dist. No. 2005-L-023, 2005-Ohio-6421, at ¶ 15. Whether a party has made a good faith argument under the law is a legal question subject to de novo review on appeal. Whereas, a factual determination is reviewed under an abuse of discretion standard. Id. (citation omitted). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1982),62 Ohio St.2d 151, 157 (citations omitted). *Page 5 
 {¶ 11} Emily is claiming that the trial court erred or abused its discretion when it denied her motion for fees as a result of Julian's frivolous conduct in filing his first and second Application for Appointment of Guardian. In response to Julian's second application, Emily filed numerous motions including a Motion for Award of Attorney fees and Litigation Expenses Incurred in Application for Appointment filed October 13, 2006, Due to Applicant's Frivolous Conduct. Her motion for fees sought relief with respect to the first application; there was no mention of the second application. A party's failure to raise an issue at the trial court level acts as a waiver of the issue on appeal.State ex rel. Gibson v. Indus. Comm. (1988), 39 Ohio St.3d 319, 320. In addition, pursuant to App. R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based". Since Emily failed to raise the issue of fees and expenses in the lower court, with respect to the second application filed July 18, 2007, we will not review that portion of her cross-assignment of error.
 {¶ 12} Emily argues that the first guardianship application filed in Ohio was not warranted under existing law. We disagree. "A party is not frivolous merely because a claim is not well-grounded. * * * The test * * * is whether no reasonable lawyer would have brought the action in light of existing law." State Farm Ins. Cos. v. Peda, 11th Dist. No. 2004-L-082, 2005-Ohio-3405, ¶ 30 (emphasis sic), citing Riston v.Butler, 149 Ohio App.3d 390, 399-400, 2002-Ohio-2308 (citation omitted). Applying this test, we hold that Julian's cause of action was not frivolous.
 {¶ 13} Julian made a good faith argument under the law. An application for guardian is authorized by statute, which states "[w]hen found necessary, the probate *Page 6 
court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a * * * incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county, and * * * has had the opportunity to have the assistance of counsel in the proceeding for the appointment of such guardian." R.C. 2111.02(A).
 {¶ 14} At the time of the first application, Samuel Loube was incompetent. He was 85 years old and suffering from Alzheimer's disease. The Statement of Expert Evaluation filed with the application stated Samuel Loube was disoriented, confused, and unable to perform activities of daily life without assistance. The statement also found that he had severe impairment of knowledge and speech, loss of perception, limited comprehension of activities around him, and decreased decision making skills.
 {¶ 15} Emily argues that Julian essentially kidnapped his father and brought him to Ohio. She further claims that Samuel neither had "intention of moving here nor even visiting here."
 {¶ 16} R.C. 2111.02 does not provide for a time period to establish legal settlement. Courts have held that "`[l]egal settlement' connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks." State ex rel. Florence v. Zitter,106 Ohio St. 3d 87, 2005-Ohio-3804, at ¶ 19, citing In re Guardianship ofFisher (1993), 91 Ohio App.3d 212, 216. Courts have also held that intent is not necessary to form a legal settlement. Fisher,91 Ohio App.3d at 215. At the time of the filing of the first application, Samuel had resided in Julian's home in Lake County for 17 days with evidence to suggest a degree of permanency greater than a visit. He had his own room, electric bed, wheelchair, reclining chair, chair lift for the *Page 7 
stairs, and handicapped bath facilities. Thus, when the application was filed, a good faith argument under existing law could be made.
 {¶ 17} Emily further argues that Julian filed the application to harass or maliciously injure her, by taking away her rights to enjoy the company and companionship of her husband. The magistrate's decision, found in its findings of fact that "Appellant did not wrongfully bring his father to Ohio," he "properly acted by bringing his father to Ohio because he was not receiving proper care in Florida," and "Appellee is not capable of providing care for Samuel." The trial court properly adopted the magistrate's decision. Civ. R. 53(D)(4)(c) states that "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. The rule does not impose a mandatory duty on the trial court to perform a complete review of the proceedings. Rather, "prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors." In re Komlanc, 11th Dist. No. 2002-T-0067, 2003-Ohio-5227, at ¶ 9. Since the trial court properly adopted the magistrate's decision, the findings of fact were in the record and appropriately before us.
 {¶ 18} We must give deference to the trial court's findings of fact, since we have no authority to weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Based on the findings of the trial court, Julian brought his father to Ohio not to harass or injury Emily, but in order to get his father the proper care he needed and deserved. We cannot say the trial court abused its discretion when it concluded Julian did not file his application for guardianship merely to harass or injury Emily. *Page 8 
 {¶ 19} Emily's cross-assignment of error is without merit.
 {¶ 20} For the foregoing reasons, the judgment entry of the Lake County Probate Court, denying Defendant's Motion for Attorney Fees and Litigation Expenses, is affirmed. Costs to be taxed against appellee/cross-appellant.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concurs. *Page 1