NO. 07-09-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

FRANKIE LEE CADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17878-0812; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_______________________________


Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.



ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Frankie Lee Cada, appeals from a trial court judgment pronounced on
January 27, 2009, and filed notice of appeal on February 5. The appellate record was due
by March 30, 2009. Tex. R. App. P. 35.2(b). The court clerk filed the clerkâs record on
March 20. The court reporter has requested three previous extensions of time to file the
reporterâs record on April 20, May 15, and June 29, all of which were granted. The court
reporterâs monthly report on June 29 indicated that the court reporter has recently
completed the reporterâs record in another case consisting of more than 5,000 pages. 
Further, the report indicated a possible trial week for July 20-24. On the current monthly
report, the court reporter indicates five pending appellate cases, with an estimated total
page count of over 2,000 pages, all of the cases with record due dates in August. 
Furthermore, the report indicates a travel week on August 3-7, jury weeks on August 10-20,
and another travel week on August 23-27. We note that the 64th Judicial District covers
Hale, Swisher, and Castro counties. Although the court reporter has answered all of our
inquiries and has diligently notified this court of her workload, this court has a responsibility
to ensure the timely filing of the appellate record. See Tex. R. App. R. 35.3(c).
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate this appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 35.3(c). Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
1.Â Â Â Â Â Â Â whether the reporterâs record can reasonably be filed in a manner that
does not further delay this appeal or have the practical effect of
depriving appellant of the right to appeal, and
2.Â Â Â Â Â Â Â whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner.
Â 
Â Â Â Â Â Â Â Â Â Â The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerkâs record to be developed containing its findings of fact and
conclusions of law and all orders it may issue as a result of its hearing in this matter, and
(3) cause a reporterâs record to be developed transcribing the evidence and arguments
presented at the aforementioned hearing, if any. The trial court shall then file the
supplemental clerkâs record and any reporterâs record transcribing the hearing with the
clerk of this court on or before August 21, 2009. Should further time be needed by the trial
court to perform these tasks, then same must be requested before August 21, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish. 
Â 



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00235-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



NOVEMBER
22, 2010

Â 



Â 

IN THE MATTER OF THE GUARDIANSHIP OF LOYCE JUANITA PARKER, AN
INCAPACITATED PERSON



Â 



Â 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

Â 

NO. 24,438; HONORABLE DAN MIKE BIRD, JUDGE



Â 



Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

OPINION

Â 

Loyce Juanita ParkerÂs daughter Linda S.
Jones was appointed guardian of her motherÂs person and estate by the district
court of Wilbarger County, Texas.Â  Mrs.
ParkerÂs son Alvin Edward Parker, Jr. (Parker) later was appointed guardian of
their motherÂs person and estate by an Oklahoma district court.Â  Parker sought to domesticate the Oklahoma
order in Texas under the Uniform Enforcement of Foreign Judgments Act, and the
Wilbarger County district court denied it full faith and credit.Â  Parker appeals.Â  We will affirm the trial courtÂs order.Â Â  

Â 

Â 

Background

Â Â Â Â Â Â Â Â Â Â Â  This
is the second appeal to this Court arising from the Wilbarger County
guardianship proceeding. In the first appeal, we affirmed in 2008 the courtÂs
order appointing Jones guardian.[1]Â  Background facts beyond those discussed here
may be gleaned from our 2008 opinion.

Germane to the present appeal, Jones
was appointed permanent guardian of Mrs. ParkerÂs person and estate by the
March 8, 2007, order of the 46th Judicial District Court of Wilbarger County,
Texas (the trial court).Â  Parker obtained
appointment as guardian of Mrs. ParkerÂs person and estate through the June 7,
2007, order of the district court of Jefferson County, Oklahoma.[2]Â  Jones unsuccessfully appealed ParkerÂs
appointment. 

Â Â Â Â Â Â Â Â Â Â Â  Parker
then sought enforcement of the Oklahoma order in the trial court under the
Uniform Enforcement of Foreign Judgments Act (UEFJA).[3]Â  Jones answered and sought vacation of the
Oklahoma order in Texas.Â  After a
hearing, the trial court ordered the Oklahoma order vacated and Âof no
consequence or effect in the State of Texas.ÂÂ 


The trial courtÂs order denying
enforcement to the Oklahoma order contains lengthy findings of fact and
conclusions of law.[4]Â  Among others, the trial court found Jones
applied for guardianship of Mrs. Parker in Wilbarger County on December 1,
2006.Â  On the same date, an attorney ad litem was appointed for Mrs. Parker.Â  Also on that date, Mrs. Parker received
personal service of the suit by citation at an assisted living center in
Vernon, Texas, at which she was then living.Â 
Parker filed an answer in opposition to JonesÂs application on December
15.Â  The following day, he removed Mrs.
Parker from the assisted living center in Vernon and took her to Oklahoma.Â  Parker obtained a special (temporary)
guardianship in the district court of Jefferson County, Oklahoma on December
19.[5]Â  He applied for guardianship of Mrs. Parker in
Jefferson County on December 21 and in Wilbarger County on December 27.Â  On January 9, 2007, the trial court appointed
Jones temporary guardian of Mrs. Parker.Â 
Parker non-suited his contest of JonesÂs application
and his application for appointment in Wilbarger County on February 8.Â  The trial court appointed Jones guardian of
Mrs. ParkerÂs person and estate on March 8.Â 
Mrs. Parker filed a notice of appeal through an attorney retained by
Parker.Â  The Jefferson County district
court appointed Parker guardian of Mrs. ParkerÂs person and estate by order of
June 7.Â  This order was affirmed by the
Oklahoma Court of Civil Appeals and certiorari was denied by the Supreme Court
of Oklahoma.Â  In a conclusion of law, the
trial court concluded recognizing the Oklahoma order in Texas would involve an
improper interference with important interests of Texas.

Analysis

Standard of Review

A motion contesting
enforcement of the judgment of a court of a sister state operates as a motion
for new trial.Â  Karstetter v. Voss, 184 S.W.3d 396,
401 (Tex.App.--Dallas 2006, no pet.).Â  A trial court has broad discretion in ruling
on such a motion, and we may not disturb its ruling absent manifest abuse of
discretion.Â  Id. at 402.Â  A trial court abuses its discretion when it
acts without reference to any guiding rules or principles or acts arbitrarily
or unreasonably under the circumstances. See
id.Â  Because our disposition of the
present matter chiefly turns on the application of law to uncontested facts, we
add that a trial court has no ÂdiscretionÂ to improperly determine the law or
misapply the law to the facts.Â  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding).

We first consider ParkerÂs argument
that the trial court erred in denying the Oklahoma order full faith and credit
because the Texas order appointing Jones guardian is void.Â  Parker contends the trial court did not have
personal jurisdiction of Mrs. Parker when it rendered the Texas order, nor did
it possess jurisdiction of the estate of Mrs. Parker.Â  

Â[A] judgment is void when it is
apparent that the court rendering judgment had no jurisdiction of the subject
matter, no jurisdiction of the parties, no jurisdiction to enter the judgment,
or no capacity to act as a court.ÂÂ  Garza v. Maverick Market, Inc., 768
S.W.2d 273, 279 (Tex. 1989) (citing Cook
v. Cameron, 733 S.W.2d 137, 140 (Tex. 1987)).

Â Â Â Â Â Â Â Â Â Â Â  In
our 2008 opinion, we overruled Mrs.
ParkerÂs issue challenging the trial courtÂs exercise of personal
jurisdiction.Â  275
S.W.3d at 628.Â  Our prior
disposition of the jurisdictional issue is now the law of the case in this
proceeding.Â  According to the law of the case
doctrine, the decision of a court of last resort on a question of law will
govern a case throughout its subsequent stages.Â 
Hudson v.
Wakefield, 711 S.W.2d 628, 630 445 (Tex. 1986).Â  The decision of an intermediate appellate
court does not preclude re-consideration of the same issue on a second appeal, Briscoe v. Goodmark
Corp., 102 S.W.3d 714, 716 (Tex. 2003), and the doctrine manifestly does
not require the appellate court to adhere to an original ruling that was
clearly erroneous.Â  Id.Â  See also City of Houston v. Jackson, 192 S.W.3d 764, 769 (Tex.
2006).Â  But nothing in this record
demonstrates our 2008 conclusion that the trial court possessed personal
jurisdiction of Mrs. Parker was erroneous.[6]


Â Â Â Â Â Â Â Â Â Â Â  Also
in 2008, we overruled Mrs. ParkerÂs
issue that the trial court could not appoint a guardian of her estate because
she possessed no property in Texas.Â  275 S.W.3d at 633.Â 
Parker now argues the Texas order is void because the trial court did
not acquire jurisdiction of Mrs. ParkerÂs estate.Â  As authority for his argument, Parker cites
Probate Code Â§ 684(a)(3), which provides before a court appoints a guardian it
must find by clear and convincing evidence that Âthe rights of the proposed
ward or the proposed wardÂs property will be protected by the appointment of a
guardian.ÂÂ  Tex. Prob. Code Ann. Â§ 684(a)(3) (Vernon 2003).Â 
Parker emphasizes that Mrs. ParkerÂs property is held in trust.Â  The argument ignores the guardianÂs inventory
Jones filed in the trial court listing property not held by the trustee, that being the personal property Mrs. Parker had
with her at the assisted living center in Vernon, and her social security
payments.Â  That her property not held by
the trustee is not of great value might have been a factor to be taken into
account in the determination whether appointment of a guardian of her estate
was necessary, but it did not deprive the trial court of jurisdiction to
appoint a guardian of the estate.[7]Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Parker further contends because the
Texas order is void, he was denied due process of law under the Fourteenth
Amendment to the United States Constitution.Â 
Because the Texas order is not void, discussion of this issue is
unnecessary to the disposition of the case.Â 
See Tex. R. App. P. 47.1.

Â Â Â Â Â Â Â Â Â Â Â  We
turn now to the essence of ParkerÂs complaint, that by denying enforcement of
the Oklahoma order, the trial court violated its obligations under the Full
Faith and Credit Clause of the United States Constitution, which requires each
state give full faith and credit to the public acts, records, and judicial
proceedings of every other state.Â  U.S. Const. art. IV, Â§ 1; see Bard v. Charles R. Myers
Ins. Agency, Inc., 839 S.W.2d 791, 794 (Tex. 1992); Reading & Bates Constr. Co. v. Baker Energy Resources Corp.,
976 S.W.2d 702, 712 (Tex.App.--Houston [1st Dist.]
1998, pet. denied) (applying Full Faith and Credit Clause).Â  

Under the UEFJA, Â[a] filed foreign
judgment has the same effect and is subject to the same procedures, defenses,
and proceedings for reopening, vacating, staying, enforcing, or satisfying a
judgment as a judgment of the court in which it is filed.ÂÂ  Tex. Civ. Prac. & Rem. Code Ann Â§
35.003(c) (Vernon 2008).Â  The
UEFJA defines Âforeign judgmentÂ as Âa judgment, decree, or order of a court of
the United States or of any other court that is entitled to full faith and
credit in this state.ÂÂ  Tex. Civ. Prac. &
Rem. Code Ann. Â§ 35.001 (Vernon 2008).Â 
A party seeking enforcement under the UEFJA of a sister stateÂs judgment
assumes the initial burden of presenting a judgment that appears on its face to
be final, valid, and subsisting.Â  Russo v. Dear, 105 S.W.3d 43, 46 (Tex.App.--Dallas 2003, pet. denied).Â  The burden then shifts to the party resisting
enforcement in the forum state to prove by clear and convincing evidence that
the foreign judgment is not entitled to full faith and credit.Â  Mindis Metals, Inc. v. Oilfield Motor &
Control, Inc., 132 S.W.3d 477, 484 (Tex. App.--Houston [14th Dist.] 2004,
pet. denied).Â  In her motion to
vacate, Jones argued recognition of the Oklahoma order in Texas would involve
an improper interference with important interests of Texas.Â  

There no longer is any dispute that
Mrs. Parker is incapacitated, or that appointment of a guardian for her was
appropriate.[8]Â  What is in dispute is who should serve as
guardian.Â  Clearly, through his effort to
domesticate the Oklahoma order, Parker attempts to enforce his appointment, in
Texas, as guardian for his mother, in place of the guardian currently serving
under the Texas courtÂs supervision.Â  We
agree with Jones that enforcement of the Oklahoma order in that manner would
involve an improper interference with important interests of Texas, and so is
not required by the Full Faith and Credit Clause.Â  Reading
& Bates, 976 S.W.2d at 713.

A sister state judgment filed in
Texas in compliance with the UEFJA becomes enforceable as a Texas
judgment.Â  Reading & Bates, 976 S.W.2d at 712 (citing Walnut Equip. Leasing Co. v. Wu, 920 S.W.2d 285, 286 (Tex.
1996)).Â  But the requirement of full
faith and credit Âdoes not mean that States must adopt the practices of other
States regarding the time, manner, and mechanisms for enforcing judgments.Â  Enforcement measures do not travel with the
sister state judgment as preclusive effects do; such measures remain subject to
the even-handed control of forum law.ÂÂ  Baker by Thomas v. General
Motors, 522 U.S. 222, 235, 118 S.Ct. 657, 665,
139 L.Ed.2d 580 (1998) (citations omitted).Â  Here, Parker does not merely seek recognition
of a preclusive effect of the Oklahoma order, he seeks
its enforcement by his substitution as guardian in place of Jones.Â  The effective result of the Texas courtÂs
denial of domestication of the Oklahoma order simply was its choice to retain
as guardian the person the Texas court previously had appointed.[9]Â  

As a general rule a sister state is
not required by full faith and credit to enforce a judicial action that is
subject to modification under the law of the rendering state.Â  Reading
& Bates, 976 S.W.2d at 713 (citing Bard,
839 S.W.2d at 794); see In re
Guardianship of Replogle, 164 Ohio App.3d 54,
2005-Ohio-5530, 841 N.E.2d 330, 334 (ÂBecause a guardianship order is obviously
modifiable in the rendering state, it is necessarily modifiable in the forum
stateÂ).[10]
Under the Oklahoma and Texas guardianship statutes, the appointment of a
guardian is subject to modification. Okla. Stat. tit. 30, Â§ 1-114 (Lexis 2010) (general powers of the court); Tex. Prob.
Code Ann. Â§ 761 (Vernon Supp. 2010) (removal).

More importantly, however, Texas has
adopted specific provisions of its guardianship statutes that provide for
acceptance and full faith and credit by a Texas court of a foreign
guardianship.Â  See Tex. Prob. Code Ann. Â§ 892 (Vernon 2003) (entitled receipt and
acceptance of foreign guardianship).[11]Â  In attempting enforcement of the Oklahoma
guardianship through the UEFJA, Parker ignores these provisions of Texas
guardianship law.Â  Section 892 contains
guidance for Texas courts reviewing an application for receipt and acceptance
of a foreign guardianship, and provides that such an application shall be
granted if the court finds the transfer to be in the best interests of the
ward.Â  In granting the application, Âthe
court shall give full faith and credit to the provisions of the foreign
guardianship order concerning the determination of the wardÂs incapacity and
the rights, powers, and duties of the guardian.ÂÂ  Tex. Prob. Code Ann. Â§
892(f) (Vernon 2003).Â  Parker does
not cite, and we have not found, a reported case of enforcement of a foreign
guardianship in the manner here attempted through the UEFJA.[12]Â  We do not believe full faith and credit
requires the acceptance of an enforcement mechanism of ParkerÂs choosing over
that expressly provided by Texas statutory provisions.[13]Â  For this reason, we conclude the trial court
was not required to enforce the Oklahoma courtÂs choice of Parker as guardian
over its own appointment of Jones.[14]Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Parker
appends to the discussion of this issue an argument that the trial court
impermissibly has reached beyond the borders of Texas to vacate the judgment of
a sister state.Â  A state may not demand
its laws have effect beyond the limits of its sovereignty.Â  Gannon v. Payne, 706 S.W.2d 304, 306 (Tex. 1986).Â  But the trial court denied enforcement of the
Oklahoma order only in Texas.Â  Its
language does not purport to enjoin the function of the courts of
Oklahoma.Â  

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Finding
the trial court did not err in denying the Oklahoma order full faith and credit
and enforcement under the UEFJA, we affirm the order of the trial court.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â Â Â Â Â Â Â Â Â Â Â  











[1] See In re Parker, 275
S.W.3d 623 (Tex.App.--Amarillo 2008, no pet.) (affirming Texas guardianship order).Â  Issues pertaining to the guardianship of Mrs.
Parker have been litigated by her family in other proceedings.Â  See
In re Alvin Edward Parker, Jr., No.
07-09-0143-CV, 2009 Tex. App. Lexis 3954 (Tex.App.--Amarillo
May 12, 2009, orig. proceeding) (mem. op.) (dismissing ParkerÂs petition for writ of prohibition for
want of jurisdiction); Jones v. Parker
(In re Guardianship of Parker), 2008
OK CIV APP 62, 189 P.3d 730 (certiorari denied and opinion accorded
precedential value, May 19, 2008) (affirming Oklahoma guardianship order); Parker v. Jones, No. CIV-09-0940-HE,
2009 U.S. Dist. Lexis 102195 (W.D. Okla. Nov. 2, 2009) (dismissing ParkerÂs
complaints against Jones in part for want of subject matter jurisdiction and in
part for failure to state a claim on which relief could be granted).

Â 





[2] We sometimes refer to the order of the trial court
appointing Jones permanent guardian of the person and estate of Mrs. Parker as
the ÂTexas order,Â and the order of the Jefferson County, Oklahoma district
court appointing Parker permanent guardian of the person and estate of Mrs.
Parker as the ÂOklahoma order.Â

Â 





[3] Tex. Civ. Prac.
& Rem. Code Ann. Â§Â§ 35.001--.008 (Vernon 2008).

Â 





[4]Â  Because the
trial court did not file findings of fact and conclusions of law in a separate
document, we give effect to the findings in the judgment.Â  See Hill v. Hill, 971 S.W.2d 153, 157 (Tex.App.--Amarillo
1998, no pet.) (under Rule of Civil Procedure
299a, findings contained in judgment lack authority only to extent of conflict
with those in separate document).Â  See also Carter v. Cookie
Coleman Cattle Co., 271 S.W.3d 856, 859 (Tex.App.--Amarillo
2008, no pet.).

Â 





[5]Â  See Okla. Stat. tit. 30, Â§
3-115(F) (Lexis 2010) (duration of special guardianship is from date of
appointment until guardian is appointed or thirty days, whichever is less).





[6] As we noted in 2008, evidence before the trial court showed Mrs. Parker had resided at
the assisted living center Alterra Sterling House in
Vernon since June 23, 2006 at the time she was served with citation there on
December 1, 2006.Â  275 S.W.3d at 626, 627 n.1. Â According to
ParkerÂs brief in this appeal, Mrs. Parker currently resides at Alterra Sterling House.Â 


Â 





[7] Parker further relies on a statement in In re B.A.G., Âif a court has not acquired
jurisdiction of both the parties and the subject matter of the litigation, the
judgment is void and is subject to both direct and collateral attack.ÂÂ  794 S.W.2d 510, 511-12 (Tex.App.--Corpus Christi 1990, no pet.). In his
reliance on the statement from B.A.G.,
Parker confuses the jurisdictional requisite of a courtÂs capacity to hear a
particular case with its power to bind a party.Â 
See CSR Ltd. v. Link, 925 S.W.2d
591, 594 (Tex. 1996) (Âsubject matter jurisdiction refers to the courtÂs power
to hear a particular type of suit, personal
jurisdiction concerns the courtÂs power to bind a particular person or
partyÂ).Â  Here, the trial court heard the
contested guardianship proceeding after its transfer from the Wilbarger County
Court.Â  As the transferee court, the
trial court heard the contested matters as if originally filed in that court. Tex.
Prob. Code Ann. Â§ 606(b)(2) (Vernon Supp. 2010). The
trial court had the statutorily-granted power to hear the contested
guardianship proceeding.





[8] Both those issues were disputed in the 2008
appeal.Â  275 S.W.3d at
630-632.





[9] As noted, Parker made application for appointment as
guardian in Texas, in opposition to JonesÂs application, but later non-suited
his application.Â  

Â 





[10]
See also
Charlene D. Daniel and Paula L. Hannaford, ÂCreating the ÂPortableÂ
Guardianship: Legal and Practical Implications of Probate Court Cooperation in
Interstate Guardianship Cases,Â 13 Quinnipiac Prob. Law Jour. 351, 355 n.14
(1999) where the authors saliently observe Â[p]rinciples
of full faith and credit had never worked particularly well in the context of
guardianship cases for the simple reason that any court order that remained
subject to modification in the jurisdiction from which the order was issued
could also be modified by a sister state exercising proper jurisdiction.ÂÂ  

Â 





[11] Cf. Tex. Prob. Code Ann. Â§
891 (Vernon 2003) (providing for transfer of a Texas guardianship to a court in
a foreign jurisdiction).

Â 





[12]
See, e.g., Grant County Dept. of
Social Servs. v. Unified Board of
Grant and Iowa Counties (In re Guardianship of Jane E.P.),
2005 WI 106, 283 Wis. 2d 258, 700 N.W.2d 863 (Wis. 2005) (addressing interstate
guardianships).





[13] Citing Restatement (Second) of Conflicts of Laws Â§
114, and the fact this courtÂs mandate following our 2008 opinion was issued
after the Oklahoma Supreme Court affirmed the Oklahoma order, Jones contends
also that the Texas order was the Âlast in time,Â and thus controls over the
Oklahoma order.Â  We do not address this
contention.

Â 





[14]
ParkerÂs argument includes a contention the
Oklahoma order is Âres judicata,Â or acts as a
complete bar to any defense of Jones to recognition of the Oklahoma order in
Texas.Â  The contention is founded on
ParkerÂs assertion the Texas order is void.Â 
To any extent the contention is presented as a separate appellate issue,
and assuming without deciding that it is preserved for appellate review, we
overrule the issue because the Texas order is not void.Â  To the extent the contention is presented as
an additional reason the Oklahoma order is entitled to full faith and credit in
Texas, it is adequately addressed by our discussion of that issue.

Â