

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00326-CV

OLD REPUBLIC INSURANCE COMPANY, APPELLANT

V.

SHERRI EVANS, CLAIMANT BENEFICIARY OF MICHAEL S. EVANS, DECEASED, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 106969-C-CV, Honorable Ana Estevez, Presiding

June 28, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Old Republic Insurance Company (ORIC), appeals the trial court's judgment finding that Michael S. Evans sustained a compensable injury while in the course and scope of his employment making ORIC liable under the Texas Workers' Compensation laws for death and burial benefits to appellee, Sherri Evans, claimant beneficiary of Michael. We reverse the judgment of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case presents the issue of whether Michael was in the course and scope of his employment when he suffered a fatal vehicle accident on August 10, 2016. At that time, Michael was employed as a safety consultant by Xcel Energy in Amarillo, Texas. On the morning of August 10, Michael drove his motorcycle to the workplace. He used his security badge to enter the building, but quickly realized that he had forgotten his company-issued laptop at home. Michael then drove his motorcycle back home, retrieved his laptop, and began his drive back to work. Unfortunately, on his return trip, Michael was involved in an accident that cost him his life.

At the time of the accident, Xcel had in force a driver safety program, which applied to all Xcel employees. Under the terms of the program, personal vehicles driven for Xcel business purposes must be of reasonable value, in good repair, and in safe operating condition. Of particular import in the present case, the program explicitly prohibited the use of "[m]otorcycles and motor scooters" on company business. Michael was aware of the prohibition on the use of motorcycles because he had complained to a supervisor that it was "unfair."

Sherri initiated a claim for death and burial benefits under the Texas Workers' Compensation Act against ORIC, the workers' compensation carrier for Xcel. After not reaching a settlement of her claims, the parties proceeded to a contested case hearing. After the hearing, the administrative law judge (ALJ) rendered her decision finding that Michael had not been in the course and scope of his employment when the accident occurred and, therefore, did not sustain a compensable injury. Sherri appealed this decision to the Division of Workers' Compensation (DWC) Appeals Panel. The Appeals

Panel reversed the ALJ's decision and rendered its decision that Michael was in the course and scope of his employment when the accident occurred, the injury is compensable, and Sherri is entitled to burial benefits.[1]

In response to the DWC Appeals Panel decision, ORIC filed for judicial review. At the close of trial, a jury returned a verdict finding that Michael was injured in the course and scope of his employment. The trial court entered judgment reflecting the jury's verdict and awarding Sherri death and burial benefits. ORIC timely filed the instant appeal.

By its appeal, ORIC presents two issues. By its first issue, ORIC contends that the trial court erred by entering judgment for Sherri because the evidence conclusively established that Michael was not in the course and scope of his employment at the time of his fatal accident. By its second issue, ORIC contends that the trial court erred as a matter of law by instructing the jury that Michael was acting within the course and scope of his employment if he was either expressly or impliedly directed by Xcel to return to his home to retrieve his laptop.

### ISSUE ONE: COURSE AND SCOPE OF EMPLOYMENT

By its first issue, ORIC contends that the trial court erred in entering judgment for Sherri because the evidence conclusively established that Michael was not in the course and scope of his employment at the time of his fatal accident. We construe this issue to challenge the legal sufficiency of the evidence to support the trial court's judgment.

---

[1] While Sherri made claims for both death and burial benefits, the Appeals Panel decision only explicitly determined her eligible for burial benefits.

The party appealing the decision of the DWC Appeals Panel on an issue regarding compensability or eligibility for income or death benefits bears the burden of proof by a preponderance of the evidence. TEX. LAB. CODE ANN. §§ 410.303, .301(a);[2] *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 226 (Tex. 2010). "When a party attacks the legal sufficiency of an adverse finding on an issue on which [it] has the burden of proof, [it] must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We first examine the record for some evidence supporting the trial court's finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Carter v. Cookie Coleman Cattle Co.*, 271 S.W.3d 856, 859 (Tex. App.—Amarillo 2008, no pet.). If no evidence supports the finding, we then examine the entire record to determine whether the contrary proposition is established as a matter of law. *Id.* "A proposition is established as a matter of law when a reasonable fact finder could draw only one conclusion from the evidence presented." *Id.*

"In general, injuries which occur while the employee is traveling to or from work are not compensable under the [Texas Workers' Compensation] Act." *Evans v. Ill. Emplrs. Ins.*, 790 S.W.2d 302, 304 (Tex. 1990). "[T]he reasoning behind this rule[3] is that injury incurred in such travel does not arise out of that person's employment, but rather is suffered due to the dangers and risks to which all traveling persons are exposed." *Id.* However, an exception exists when an employee is directed to proceed from one place

---

[2] Further reference to provisions of the Texas Labor Code will be by reference to "section __" or "§ __."

[3] This rule is commonly known as the "coming and going" rule.

4

to another as part of his employment. *Id.* This exception is known as a "special mission." *Id.* "To be on a special mission, an employee must be acting under the control or in furtherance of the employer." *Newsom v. Ballinger Indep. Sch. Dist.*, No. 03-07-00022-CV, 2007 Tex. App. LEXIS 5690, at *6 (Tex. App.—Austin July 17, 2007, no pet.) (mem. op.). The "coming and going" rule and the "special mission" exception have been codified in the workers' compensation context. *See* § 401.011(12)(A).

In the present case, it is undisputed that Michael travelled to his place of employment by motorcycle on August 10, 2016. He scanned his keycard to enter the building at 6:58 a.m. Recognizing that he had left his company-issued laptop at home, Michael drove his motorcycle back to his home to retrieve it. After obtaining his laptop, he began his drive back to his workplace, but was involved in a fatal accident before he could arrive. The issue in this case then is whether Michael was subject to the "coming and going" rule at the time of the accident or was excepted from its application due to the "special mission" exception.

No evidence was presented that Xcel expressly directed Michael to return to his home on August 10, 2016, to retrieve his laptop. It is also clear that Michael's decision to return to his home to retrieve his laptop was unknown to and uncontrolled by Xcel. *See Newsom*, 2007 Tex. App. LEXIS 5690, at *6 (special mission exception requires employee to be acting under control of employer). Rather, Michael took it upon himself to retrieve his laptop and the evidence conclusively establishes that he was not on a "special mission" for Xcel. *Id.* Additionally, ORIC offered unrefuted evidence that Michael's return trip to his home was not in furtherance of Xcel's business. Because Michael was neither expressly directed to retrieve his laptop nor on a special mission to

5

do so, we conclude that Michael was not in the course and scope of his employment at the time of his fatal accident.[4]  We sustain ORIC's first issue.

### ISSUE TWO: EXPRESS OR IMPLIED DIRECTIVE INSTRUCTION

By its second issue, ORIC contends that the trial court erred as a matter of law in instructing the jury that Michael would be acting within the course and scope of his employment if he were either expressly or impliedly directed to return to his home to retrieve his laptop.  Having concluded that the evidence is legally insufficient to support the jury's determination that Michael's injury occurred within the course and scope of his employment, we need not address ORIC's second issue.  *See* TEX. R. APP. P. 47.1.

### CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and render judgment that Michael's injury did not occur within the course and scope of his employment and, therefore, is not compensable.

Judy C. Parker
Justice

---

[4] ORIC additionally contends that Michael was not in the course and scope of his employment because he used his motorcycle to retrieve his laptop, and Xcel had a written policy, of which Michael was aware, prohibiting the use of motorcycles for company business.  It has long been the law in Texas that the violation of a company rule is not dispositive of whether an employee acted in the course and scope of his employment.  *See Maryland Cas. Co. v. Brown*, 115 S.W.2d 394, 397 (Tex. 1938) (providing that "violation of instructions of an employer by an employee will not destroy the right to compensation, if the instructions relate merely to the manner of doing work," while "violation of instructions which are intended to limit the scope of employment will prevent a recovery of compensation").  A company policy prohibiting a particular mode of transportation in performing duties otherwise within the course and scope of employment does not remove the performance of those duties from the course and scope of employment.  *See Brown v. Forum Ins. Co.*, 507 S.W.2d 576, 578 (Tex. Civ. App.—Dallas 1974, no writ) (quoting A. Larson, *The Law of Workmen's Compensation* § 31.25, at 6–30, as stating, "the adoption of a particular kind of vehicle or conveyance in the active performance of claimant's work is a choice of method, rather than a change in the work for which claimant is employed").  As such, Xcel's policy prohibiting the use of motorcycles to perform work for the company affects only the manner in which Xcel work would be performed and is, therefore, not dispositive as to whether Michael was acting within the course and scope of his employment.