**In re Guardianship of RICHARDSON.**

[Cite as *In re Guardianship of Richardson*, 172 Ohio App.3d 410, 2007-Ohio-3462.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22000.

Decided July 6, 2007.

Lee C. Falke, for appellants, Alice I. Richardson and Norma Louise Leach.

John E. Breidenbach and Harry G. Beyoglides Jr., for appellee, Alice E. Ledford.

GRADY, Judge.

{¶ 1} This is an appeal from an order of a probate court appointing a guardian for the person and estate of an incompetent person pursuant to R.C. 2111.02.

{¶ 2} On June 29, 2006, Alice E. Ledford filed an application pursuant to R.C. 2111.03, asking the probate court to appoint her guardian of the person of her mother, Alice I. Richardson. The application alleged that Mrs. Richardson was then 87 years of age, that she is mentally incompetent, and that she "resides or has a legal settlement at 791 Old Springfield Road, Vandalia, Ohio 45377," the same address listed on the application as the address of Alice E. Ledford.

{¶ 3} Two documents were attached to the guardianship application. One identified Mrs. Richardson's next of kin, who are her four children: Alice E. Ledford, the applicant; Norma L. Leach, of Dayton, Ohio; James C. Richardson of Englewood, Ohio; and Johnnie E. Richardson of Pine Mountain, Georgia.

{¶ 4} The other document attached to the application was a statement of expert evaluation by J. Douglas Aldstadt, M.D., a licensed physician. Dr. Aldstadt opined that Mrs. Richardson is both mentally and physically impaired and stated his reasons for those opinions. Dr. Aldstadt also recommended that a guardianship for Mrs. Richardson be established.

{¶ 5} On July 21, 2006, a competing application for guardianship of Mrs. Richardson was filed by her son, James C. Richardson. The application contained specifications similar to the application filed by Alice E. Ledford, and it likewise relied on Dr. Aldstadt's evaluation of Mrs. Richardson.

{¶ 6} On August 16, 2006, before any hearings on the competing applications were held, Alice E. Ledford filed an application for appointment of an emergency

guardian pursuant to R.C. 2111.02(B)(3). The application and a supporting affidavit of Alice E. Ledford alleged that, five days earlier, James C. Richardson forcibly removed Alice I. Richardson from the care of Alice E. Ledford, who had been Mrs. Richardson's caregiver and who held her power of attorney for health care. The application further alleged that, as a result, Mrs. Richardson lacks the medications she needs and is at risk of suffering a stroke.

{¶ 7} On August 23, 2006, the probate court appointed Virginia Vanden Bosch to act as guardian ad litem for Alice I. Richardson. The court further ordered James C. Richardson to cooperate with the guardian ad litem in allowing her access to Alice I. Richardson.

{¶ 8} For most of the past 30 years, Alice I. Richardson resided in Princeton, West Virginia. In April of 2005, Mrs. Richardson underwent hip surgery and subsequently returned to her home in Princeton under the care of her daughter, Alice E. Ledford. In July of 2005, Alice E. Ledford persuaded Mrs. Richardson to come to Ledford's home in Dayton for her continuing care, until she more fully recovered. Mrs. Richardson moved to Dayton, and the Ledfords made modifications in their home to accommodate Mrs. Richardson's needs.

{¶ 9} It appears that approximately one year later, in the summer of 2006, Mrs. Richardson expressed a desire to return to her home in West Virginia. The move was supported by her son, James C. Richardson, but opposed by Alice E. Ledford. Frictions developed between them on the matter, and soon they became more acute. Mrs. Richardson's other daughter, Norma L. Leach, became involved, and both she and James C. Richardson were denied access to Mrs. Richardson by Alice E. Ledford and her husband, George Ledford. These conflicts produced the competing applications for guardianship of Mrs. Richardson that Alice E. Ledford filed on June 29, 2006, and that James C. Richardson filed on July 21, 2006.

{¶ 10} Pursuant to her appointment, the guardian ad litem, Virginia Vanden Bosch, filed a report to the Probate Court. The guardian ad litem confirmed that on August 12, 2006, as Alice E. Ledford and Mrs. Richardson were leaving a restaurant, they were approached by James C. Richardson and Don Leach, husband of Norma Leach, and that Mrs. Richardson left with the two men to return to her home in West Virginia. Alice E. Ledford reported to police that her mother had been kidnapped. The matter was investigated the next day by police in West Virginia, who according to the guardian ad litem "determined that all was well."

{¶ 11} The guardian ad litem further reported that, two days after Mrs. Richardson arrived at her home in West Virginia, a notice procured by George Ledford was posted on the door of Mrs. Richardson's home. The notice stated that, acting as Mrs. Richardson's trustee, George Ledford was preparing to sell

the house and that Mrs. Richardson must vacate the premises. Subsequently, a West Virginia court ordered that Mrs. Richardson may continue to live in the home and that George Ledford must continue to make payments on it. The West Virginia court also ordered an evaluation of Mrs. Richardson and appointed a guardian ad litem for her. Virginia Vanden Bosch further reported that James C. Richardson had moved to West Virginia to care for his mother.

{¶ 12} The several guardianship applications were referred to a magistrate of the probate court, who held hearings on September 19, 2006. In his written decision, the magistrate found that Alice E. Ledford is a suitable and competent person to be appointed a guardian and is therefore ordered appointed. The magistrate filed findings of fact and conclusions of law in support of the decision. An amended decision was filed on October 17, 2006, in response to a request for findings and conclusions.

{¶ 13} James C. Richardson and Norma Leach filed objections to the magistrate's decision on October 31, 2006. They objected (1) that the magistrate abused his discretion in excluding evidence of events that occurred after Alice E. Ledford filed her guardianship application, (2) that the magistrate erred in finding that Alice I. Richardson is a resident of Ohio and/or has a legal settlement in Ohio, and (3) that the magistrate abused his discretion in finding that Alice I. Richardson is in need of a guardianship. Alice E. Ledford filed a memorandum in opposition to the objections.

{¶ 14} The objections were considered by the probate court, and on January 23, 2007, the court overruled the objections, adopted the magistrate's decision, and entered its judgment pursuant to Civ.R. 53(D)(4). In addition to adopting the magistrate's decision, the probate court dismissed the guardianship application of James C. Richardson on a finding that he is no longer a resident of Ohio.

{¶ 15} On January 29, 2007, a joint notice of appeal from the judgment of the probate court was filed by Alice I. Richardson and Norma Leach. The case is before us on review of the error they assign.

{¶ 16} Alice E. Ledford has moved to dismiss the appeal. She argues that because she has been found incompetent and a guardian for her has been appointed, Alice I. Richardson lacks standing to appeal, either directly or through Norma Leach as her next of kin. Alice E. Ledford argues that any appeal from the probate court's judgment must be filed by the guardian ad litem the court appointed to represent Mrs. Richardson.

{¶ 17} App.R. 4(A) states that a notice of appeal from a final order or judgment authorized by App.R. 3 may be filed by a "party" to the action in which the judgment or order was entered. In order to be a party, and have standing to appeal, the prospective appellant must have a present interest in the litigation

and be prejudiced by the order or judgment from which the appeal is taken. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 563 N.E.2d 1388.

{¶ 18} We agree that a guardian ad litem appointed for purposes of a guardianship proceeding by the probate court has standing to appeal on the ward's behalf from a final judgment appointing a guardian for the ward. A guardian ad litem is a "special guardian" appointed for purposes of a lawsuit, to protect a ward or prospective ward's interest in the proceeding. *In re Bowen* (April 22, 1993), Pickaway App. No. 92CA25, 1993 WL 148829. However, that appointment does not necessarily divest the ward or prospective ward of the right to appear and act on his own behalf, against the claims of an adverse party that affect the interests of the ward that are at issue.

{¶ 19} The fact that a guardian ad litem was appointed for Alice I. Richardson does not deprive her of the status as a "party" to the guardianship proceeding; her present interest in that litigation and that she was prejudiced by the order appealed from are beyond dispute. Her joint appellant, Norma Leach, is not likewise situated. However, as a next of kin who is entitled by R.C. 2111.04(A)(2)(b) to notice of the guardianship application that Alice E. Ledford filed, Norma Leach has an interest in the proceeding concerning her mother that confers on Norma Leach the status of a "party" for purposes of App.R. 4(A). Therefore, she does not lack standing to appeal. The motion to dismiss is overruled.

### FIRST ASSIGNMENT OF ERROR

{¶ 20} "The trial court erred in determining that the alleged ward had a residence or a legal settlement in Montgomery County, Ohio."

{¶ 21} R.C. 2111.02(A) provides:

{¶ 22} "When found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *."

{¶ 23} For purposes of R.C. 2111.02(A), "residence" requires an actual physical presence at some abode coupled with an intent to remain at that residence for some period of time. *In re Guardianship of Fisher* (1993), 91 Ohio App.3d 212, 632 N.E.2d 533. The term "legal settlement" connotes one living in an area with some degree of permanency greater than a visit lasting a few days or weeks. Id.

{¶ 24} R.C. 2111.02(A) sets up the requirements of residence or legal settlement in the alternative. Relevant to that matter, the magistrate made the following findings of fact:

{¶ 25} "I find that in July of 2005 Alice I. Richardson left her home in West Virginia to take up permanent residence in Ohio at the home of her daughter, Alice Ledford.

{¶ 26} "I find that Alice I. Richardson made the decision to come to Ohio in order to allow her daughter, the applicant, Alice Ledford, to care for her on a daily basis.

{¶ 27} "I find that for several years prior to moving her mother to Ohio, the applicant, Alice Ledford, would travel to her mother's home in West Virginia and visit and care for her mother on all holidays and would spend her summer vacations with her mother.

{¶ 28} "I find that in July of 2005 after an extended illness of over three months Alice I. Richardson made the decision to permanently leave her home in West Virginia and establish her new residence in Ohio at the home of her daughter, Alice Ledford.

{¶ 29} "I find that Alice I. Richardson traveled to Ohio with her daughter, Alice Ledford, by automobile and that she found the trip to be exhausting and difficult.

{¶ 30} "I find that Alice I. Richardson told Alice Ledford that she felt she could make the trip from Ohio to West Virginia again by automobile.

{¶ 31} "I find that Alice I. Richardson brought with her to Ohio her clothes, medicines, personal items and her cat.

{¶ 32} "I find that in July 2005 Alice I. Richardson came to Ohio with the intention of making Ohio her permanent residence and had no intention of returning to West Virginia to live by herself.

{¶ 33} "I find that on August 12, 2006 James Richardson, without the consent of Alice Ledford took control of his mother, Alice I. Richardson and spirited her out of the state to her former home in West Virginia."

{¶ 34} In overruling the objections to the magistrate's findings, the probate court stated: "Legal settlement connotes living in an area with some degree of permanency greater than a visit lasting for a few days or weeks. It is obvious from the facts that Richardson had a legal settlement as she had been in Ohio for over a year before [James C. Richardson] took her to West Virginia."

{¶ 35} Appellants point to Alice E. Ledford's testimony that she and her mother planned to continue to spend the summer months in Mrs. Richardson's home in West Virginia, and that although Alice E. Ledford had her mother's mail and bank statements forwarded to a post office box in Montgomery County, Mrs.

Richardson continued to use her bank in West Virginia. Further, appellants point to evidence that, beginning in the summer of 2006, Mrs. Richardson began to express a desire to return to her home in West Virginia. Appellants contend: "There is no evidence in the record that Alice I. Richardson ever committed or gave her approval to the concept that she was moving to Ohio to live there beyond the spring of 2006."

{¶ 36} While these contentions may preponderate against the magistrate's finding that Mrs. Richardson established a residence in Montgomery County, Ohio, they do not undermine the trial court's finding that Mrs. Richardson established a legal settlement in Montgomery County, having lived there for approximately one year, from July of 2005 until she returned to West Virginia on August 12, 2006, after the application for guardianship of Alice E. Ledford was filed on June 29, 2006.

{¶ 37} Nevertheless, R.C. 2111.02(A) governs orders appointing of guardians, and the section provides that the probate court may appoint a guardian "provided the person for whom the guardian is to be appointed *is* a resident of the county or *has* a legal settlement in the county." (Emphasis added.) R.C. 2111.04(A) therefore requires a finding that either alternative exists when the guardian is appointed. When the probate court appointed Alice E. Ledford her mother's guardian on January 23, 2007, Mrs. Richardson had been gone from Montgomery County, Ohio since August 12, 2006, a period of 164 days.

{¶ 38} For these purposes, "residency" requires an actual physical presence, and "legal settlement" contemplates living in an area. *Fisher*, 91 Ohio App.3d 212, 632 N.E.2d 533. Neither condition existed when the probate court appointed Alice E. Ledford the guardian of the person and estate of Alice I. Richardson. Therefore, the probate court erred when it made the appointment.

{¶ 39} Appellants are situated on the same side as James C. Richardson against Alice E. Ledford in this litigation, and it may seem unjust to allow appellants to prevail because of the conduct of James C. Richardson in removing his mother from Ohio to West Virginia while Alice E. Ledford's guardianship was pending, preventing the court from exercising its jurisdiction.

{¶ 40} In *Shroyer v. Richmond* (1866), 16 Ohio St. 455, the Supreme Court wrote:

{¶ 41} "Proceedings for the appointment of guardians, are not *inter partes*, or adversary in their character. They are properly proceedings *in rem*; they are instituted, ordinarily, by application made on behalf of the ward, and for his benefit; and the order of appointment binds all the world. In such a proceeding, plenary and exclusive jurisdiction of the subject-matter, has been conferred by statute on the probate court, and that jurisdiction attaches, whenever application

is duly made to the court for its exercise in a given case. It is not essential to the jurisdiction, that the ward be actually before the court, *unless, by reason of his right to choose a guardian, or for other cause, the statute so require.* And when jurisdiction has attached, the court has full power to hear and determine all questions which arise in the case, whether in regard to the status of the ward or otherwise; and no irregularity in the proceedings, or mistake of law in the decision of the questions arising in the case, will render the order of appointment void, or subject it to impeachment collaterally. All questions necessarily arising in the case, becomes *res adjudicatae,* by the final order of appointment, which binds all the world, until set aside or reversed by a direct proceeding for that purpose." (Emphasis added.) Id. at 456–466.

{¶ 42} The subject matter jurisdiction of the probate court attached when Alice E. Ledford filed her guardianship application on June 29, 2006. That jurisdiction is conferred by R.C. 2111.02(A), pursuant to the constitutional authority of the General Assembly to establish the jurisdiction of the court of common pleas and its divisions. Section 4(B), Article IV, Ohio Constitution.

■ {¶ 43} *Shroyer* recognizes that the in rem jurisdiction conferred on the probate court, being plenary, does not require that the ward "be actually before the court" for that jurisdiction to exist, "unless, by reason of his right to choose a guardian, or for other cause, the statute so require(s)." To "be actually before the court" means to be within the court's territorial jurisdiction. R.C. 2111.02(A) imposes such a limitation by requiring that the Probate Court may make the appointment requested, "provided the person for whom the guardian is to be appointed *is a resident* of the county of *has a legal settlement* in the county." (Emphasis added.) By couching that requirement in the present tense, the statute imposes it not only for jurisdiction to attach when the application is filed but also when the jurisdiction that R.C. 2111.02(A) confers is exercised by the probate court in granting the application.

■ {¶ 44} When jurisdiction is in rem, due process requires the res of the action to be within the court's territorial jurisdiction in order for subject matter jurisdiction to exist. The jurisdiction that Alice E. Ledford invoked pursuant to R.C. 2111.02(A) when she filed her application for guardianship, which required allegations of residency and/or legal settlement, is subject to a condition subsequent; a showing that one or both of those conditions exist. Unless that showing is made, the court lacks the subject matter jurisdiction conferred by R.C. 2111.02(A) to grant the application, as the probate court did.

{¶ 45} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 46} "The trial court erred in limiting the evidence as to Alice I. Richardson's mental status to the date of filing the application for appointment of guardian."

{¶ 47} This assigned error is rendered moot by our decision sustaining appellants' first assignment of error. Therefore, we decline to decide it. App.R. 12(A)(1)(c).

## Conclusion

{¶ 48} Having sustained the first assignment of error, we will reverse and vacate the probate court's appointment of Alice E. Ledford as guardian of the person and estate of Alice I. Richardson.

*Judgment reversed.*

FAIN and WALTERS, JJ., concur.

SUMNER E. WALTERS, retired, of the Third Appellate District, sitting by assignment.