IN RE GUARDIANSHIP OF RICHARDSON.

[Cite as *In re Guardianship of Richardson*,

120 Ohio St.3d 438, 2008-Ohio-6696.]

*Judgment reversed in part on the authority of In re Santrucek.*

(No. 2007-1546 – Submitted June 3, 2008 – Decided December 24, 2008.)

APPEAL from the Court of Appeals for Montgomery County,

No. 22000, 172 Ohio App.3d 410, 2007-Ohio-3462.

_____

{¶ 1} The portion of the court of appeals' judgment holding that appellee (appellant below) Norma Leach has standing to appeal the creation of a guardianship over Alice Richardson is reversed on the authority of our decision in *In re Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683. This reversal does not affect other portions of the court of appeals' judgment on issues not accepted for review by this court.

MOYER, C.J., and O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

CUPP, J., dissents and would dismiss the cause as having been improvidently accepted.

_____

PFEIFER, J., dissenting.

{¶ 2} In reversing the sound judgment of the court of appeals regarding Norma Leach's ability to appeal on her own behalf, this court is essentially saying that Norma Leach, who doesn't believe that her mother needs a guardian, cannot challenge her mother's guardianship because she did not file an application to become her mother's guardian. I think there is a third option between requiring Leach to seek something she does not believe is necessary and preventing her

from doing anything. Based on the reasoning in my dissent in *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, I believe we should allow Leach to appeal because, even though she was not a party below, she was treated as if she were a party (her attorney was allowed to call and examine witnesses).

{¶ 3} I believe that we should follow the example of the federal circuit courts and the Court of Appeals for the District of Columbia, which often allow nonparties to appeal. *In re Orshansky* (D.C.App.2002), 804 A.2d 1077, 1090; *Secs. & Exchange Comm. v. Forex Asset Mgmt., L.L.C.* (C.A.5, 2001), 242 F.3d 325, 329; *Secs. & Exchange Comm. v. Wencke* (C.A.9, 1986), 783 F.2d 829, 834-835 (a nonparty may appeal when (1) the party participated in the proceedings below and (2) the equities favor hearing the appeal). See also the United States Supreme Court's decision in *Devlin v. Scardelletti* (2002), 536 U.S. 1, 7, 122 S.Ct. 2005, 153 L.Ed.2d 27 ("We have never * * * restricted the right to appeal to named parties to the litigation").

{¶ 4} Fortunately, the majority's ruling does not affect the ultimate outcome of the court of appeals' decision, since it does not reverse the court of appeals' decision regarding Richardson's ability to appeal. Thus, the court of appeals' determination that the probate court lacked jurisdiction because the ward was not a resident of Ohio at the time the application was granted remains intact.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Falke & Dunphy, L.L.C., and Lee C. Falke, for appellees.

Breidenbach, O'Neal & Bacon and John E. Breidenbach; and Douple, Beyoglides, Leve, Hansen, Claypool & Kovich and Harry G. Beyoglides Jr., for appellant.

_____