[Cite as *In re Guardianship of Carpenter*, 2016-Ohio-3389.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE: THE GUARDIANSHIP OF:       CASE NO. 9-15-34

    EDEMA JODENE CARPENTER.

[EDEMA JODENE CARPENTER -       O P I N I O N
  APPELLANT].

---

Appeal from Marion County Common Pleas Court
Probate Division
Trial Court No. 12-GDN-0035

Judgment Reversed

Date of Decision: June 13, 2016

---

APPEARANCES:

    *Brian C. Cook* for Appellant

    *Kevin P. Collins* for Appellee, Maria L. Hypes

    *Brent W. Yager* for Appellee, Marion County Prosecutor

**WILLAMOWSKI, J.**

{¶1} Ward-appellant E. Jodene Carpenter ("Carpenter") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Probate Division, denying her motion to be represented by independent counsel of her choice for the purpose of challenging the guardianship and denying her motion to be present at a hearing regarding a motion to restrict who may visit her. The motions were opposed by the Guardian, Maria Lisa Hypes ("Hypes"), who had filed the motion to restrict Carpenter's visitors. For the reasons set forth below, the judgments are reversed.

{¶2} On January 9, 2013, the trial court found Carpenter to be incompetent and appointed Hypes to be her guardian. Doc. 15. On July 14, 2015, Carpenter personally signed a motion for authorization to be represented by independent counsel for the purpose of evaluating the continued necessity of the guardianship or to introduce a less restrictive alternative to the guardianship. Doc. 80. The motion specified that she wished to be represented by Brian C. Cook ("Cook") and requested authority to sign an engagement letter or, in the alternative, to have the guardian sign the engagement letter. *Id.* The motion indicated that Carpenter was not indigent and was not requesting court-appointed counsel. *Id.* A copy of an unsigned engagement letter was attached as an exhibit to the motion. *Id.*

{¶3} A hearing was held on the motion on July 21, 2015. At the hearing, it was indicated that Cook and Hypes were present, but Carpenter was not present and received no personal notification of the hearing. Doc. 82 and 113. Although both Cook and Hypes spoke at the hearing, no testimony was given and no evidence was presented. Cook indicated that he was contacted by Carpenter's daughter and brother asking him to speak with Carpenter because Carpenter wished to terminate the guardianship, or at least alter the terms of the guardianship. Tr. 2-4. Cook spoke with Carpenter with his law partner present and determined that in his opinion, Carpenter wished to terminate the guardianship, so he contacted Hypes to request that he be permitted to review the file. Tr. 3-5. The trial court stated as follows at the hearing.

> **I don't disagree that [Carpenter] has the right to independent counsel. I have a difficulty with the method in which this was done. You have also usurped the authority of the guardian and the Court who's the superior guardian for Miss Carpenter. This Court has determined that she is incompetent. If you want to have a review, you should have contacted Miss Hypes regarding this. She may have cooperated with you in having you look at the file.**

Tr. 6. Hypes then stated that she thought the motion was nothing more than an interference with the guardianship and that she did not wish Cook to speak with Carpenter. Tr. 7. Hypes also indicated that in her opinion, it was Carpenter's daughter who influenced Carpenter to seek the end of the guardianship, not Carpenter. Tr. 8. The trial court specifically stated that Cook did not represent

Carpenter at the hearing. Tr. 17. The trial court indicated that it did need to speak to Carpenter, but the record does not indicate that such a visit occurred prior to the ruling by the trial court. Tr. 20.

{¶4} On August 3, 2015, a motion signed by Carpenter was filed requesting again that she be represented by Cook and be permitted to attend a hearing that Hypes had requested to restrict Carpenter's visits with her daughter. Doc. 92. The trial court held a hearing on August 6, 2015, concerning Hypes' request for the daughter to only have supervised visits. Doc. 95. Carpenter was not at the hearing. *Id.* On August 13, 2015, the trial court granted the motion for supervised visits. Doc. 95. The trial court on that same day denied Carpenter's request to be represented by Cook. Doc. 96. Carpenter appeals from these judgments and raises the following assignments of error on appeal.[1]

### First Assignment of Error

**The probate court erred when it denied Carpenter's motion to hire independent counsel of her choice for purposes relating to guardianship review and termination because a ward has such a right under the Ohio Revised Code.**

### Second Assignment of Error

**The probate court's decision to proceed with a hearing on Carpenter's motion to hire independent counsel of her choice without giving notice to Carpenter and without her attendance violated her right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, Section 16, of the Ohio Constitution.**

---

[1] Two separate notices of appeal were filed, one for each judgment entry. Doc. 146 and 149.

**Third Assignment of Error**

**The probate court's decision to proceed with a hearing on a motion by [Hypes] to restrict Carpenter's access to her family, without providing for Carpenter's attendance, participation, and/or legal representation after she filed a motion requesting to attend, participate and have legal representation, violated her right to due process of the law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, Section 16, of the Ohio Constitution.**

In the interest of clarity, we will address the assignments of error out of order.

{¶5} Carpenter claims in the second assignment of error that the trial court erred in holding a hearing on her motion without providing her notice of the hearing or allowing her to attend the hearing. Carpenter's initial motion requested that she be permitted to hire independent counsel of her choice for the purpose of either challenging the need to continue the guardianship or, in the alternative, challenging the extent of the guardianship. Pursuant to statute, at any time after the expiration of one hundred twenty days from the date of the original appointment of the guardian, a ward, the ward's attorney, or any other interested party may request a review of the guardianship. R.C. 2111.49(C). The statute also requires that if such a motion is filed, a hearing shall be held in accordance with R.C. 2111.02. *Id.* The very language of the statute implies that a ward may have an independent attorney to challenge the guardianship. At a hearing challenging the guardianship, there is no doubt that "R.C. 2111.49(C) expressly incorporates the hearing requirements relating to original appointments of

guardians to proceedings concerning the continued necessity of guardianships."

*State ex rel. McQueen v. Cuyhoga Cty. Court of Common Pleas, Probate Division*,

135 Ohio St.3d 291, 2013-Ohio-65, 986 N.E.2d 925, ¶ 17. The hearing

requirements in a guardianship are set forth in R.C. 2111.02. If the hearing

concerns the appointment of a guardian for an alleged incompetent, the alleged

incompetent has all of the following rights.

> **(a) The right to be represented by independent counsel of the alleged incompetent's choice;**
>
> **(b) The right to have a friend or family member of the alleged incompetent's choice present;**
>
> **(c) The right to have evidence of an independent expert evaluation introduced;**
>
> **(d) If the alleged incompetent is indigent, upon the alleged incompetent's request:**
>
> **(i) The right to have counsel and an independent expert evaluator appointed at court expense;**
>
> **(ii) If the guardianship * * * is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense.**

R.C. 2111.02(C)(7). Additionally, if a ward challenges the continuation of the

guardianship, the burden rests on the guardian to show by clear and convincing

evidence that the ward is incompetent. R.C. 2111.49(C).

{¶6} Although, R.C. 2111.49 does not specify that a ward needs to be given

notice of a hearing on a motion, R.C. 2111.47 specifically provides that a ward

who has been deemed incompetent, as well as the guardian, must be given notice prior to the termination of the guardianship. Since R.C. 2111.49(C) states that any hearing on the continuation of the guardianship should comply with the requirements of R.C. 2111.02, this would include the requirement that the alleged incompetent/ward be given notice of the proceedings and be permitted to attend the proceedings if practicable. R.C. 2111.04(A)(2)(a)(i). The appointment of a guardian does not deprive a ward of their status as a party who is entitled to notice of hearings because he or she still has an interest in the proceedings. *In re Guardianship of Richardson*, 172 Ohio App.3d 410, 2007-Ohio-3462, 875 N.E.2d 129 (8th Dist.) (reversed in part on other grounds by *In re Guardianship of Richardson*, 120 Ohio St.3d 438, 2008-Ohio-6696, 900 N.E.2d 174).

{¶7} In this case, the initial motion was filed by Carpenter. A review of the record indicates that no notice of the hearing on Carpenter's motion was given to Carpenter. Although Hypes was given notice due to her status as guardian of Carpenter, this is not sufficient notice to Carpenter in this case. Most guardianship proceedings are not adversarial in nature. However, when the ward has indicated that he or she would like independent counsel to challenge the necessity of continuing the guardianship and the guardian objects, that is a clear indication that the desires of the ward and the determination made by the guardian are adverse to one another. Thus, the guardian cannot represent his or her own interest, as guardian, in court and also represent the contrary wishes of the ward since they

conflict. In that situation, it only stands to reason that the ward should be entitled to appear on his or her own behalf and tell the trial court what his or her wishes are.

{¶8} The trial court itself agreed that it would need to speak with the ward personally to determine the ward's wishes. The record contains no evidence that the trial court ever spoke with the ward prior to ruling on the motion. The record is also clear that the trial court did not consider Cook to be Carpenter's attorney at the hearing. Thus, the hearing was held on Carpenter's motion without Carpenter's knowledge, without Carpenter's presence, and with no one to protect Carpenter's interests. This is a clear denial of due process. Carpenter should have received notice of the hearing on her motion and been allowed an opportunity to be heard on her case. To hold otherwise would be to prevent any ward whose guardian opposed the motion for independent counsel from having a meaningful hearing before a trial court. For this reason, the second assignment of error is sustained.

{¶9} In the first assignment of error, Carpenter claims that the trial court erred by denying her motion for independent counsel of her choice. As stated above, when a ward wishes to challenge a guardianship, he or she is entitled to independent counsel of his or her choice. Carpenter has the money to pay for counsel, so the determination of who that counsel should be is hers alone, not that of the trial court. The trial court in this case determined that although Carpenter

had the right to independent counsel, Cook should not be that counsel because he spoke to the ward without the guardian's knowledge. However, there is no requirement that a ward has to have his or her choice of independent counsel approved by the guardian.[2] If that were the case, the counsel would not be the choice of the ward, but the choice of the guardian. The statutes provide that a ward has the right to independent counsel of his or her choice to challenge a guardianship. See R.C. 2111.02 and 2111.49. The statute also provides that a challenge to a guardianship may be filed by the ward's attorney, thus implying that a ward may have his or her own attorney even though he or she is incompetent. As discussed above, the trial court took no steps to determine what the actual wishes of Carpenter were, instead relying solely on the statements of Hypes as to what her beliefs were regarding the situation. No evidence was actually presented to the trial court regarding the motion. Instead, all that was presented were statements of attorneys in argument as to what the decision of the trial court should be. "The arguments of counsel in the role of advocate * * * are not evidence, and lawyers in making those arguments are not witnesses." *Sneary v. Baty*, 3d Dist. Allen No. 1-96-13, 1996 WL 479579 (Aug. 14, 1996). Since there was no evidence to support the judgment of the trial court in this matter, the trial

---

[2] The only restriction is that the ward lacks authority to enter into a contract with the attorney, which would prevent the attorney from collecting a fee for representation without approval from either the guardian or the trial court. At the time Cook and Carpenter met to discuss his possible representation of her, she had no restrictions on with whom she could visit. The mere indication at the hearing that Cook was contacted initially by Carpenter's daughter and brother on Carpenter's behalf does not indicate that Cook acted in any way inappropriately or unethically by agreeing to meet with Carpenter without the consent of the guardian.

court abused its discretion in denying the motion for independent counsel of Carpenter's choosing. The first assignment of error is sustained.

**{¶10}** In the third assignment of error, Carpenter alleges that the trial court erred by holding a hearing regarding Hypes' motion to restrict her visitation with her daughter without providing notice to Carpenter or requiring the attendance of Carpenter after Carpenter filed a motion requesting such notice and permission to attend the hearing. A review of the statutes indicates that there is no statutory provision for a ward to challenge a decision of a guardian. See Revised Code Chapter 2111. However, the Ohio Supreme Court requires trial courts to have such a process.

> **The probate division of a court of common pleas that establishes guardianships shall adopt local rules governing the establishment of guardianships that do all of the following:**
>
> **\* \* \***
>
> **(B) Establish a process for submitting in electronic format or hard copy comments and complaints regarding the performance of guardians appointed by the court and for considering such comments and complaints. The process shall include each of the following:**
>
> **(1) The designation of a person for accepting and considering comments and complaints;**
>
> **(2) A requirement that a copy of the submitted comment or complaint be provided to the guardian who is the subject of the comment or complaint;**
>
> **(3) A requirement that the court give prompt consideration to the comment or complaint and take appropriate action;**

**(4) A requirement that the court maintain a record regarding the nature and disposition of the comment or complaint;**

**(5) A requirement that the court notify the person making the comment or complaint and the guardian of the disposition of the comment or complaint.**

Sup.R. 66.03. Local Rule 66.1 of the Marion County Probate Court provides that a ward may appear before the court. Even after a finding of incompetency, a ward continues to have certain rights. Among these rights are the rights to have her personal opinions considered, to speak privately with an attorney or another advocate, to petition the court to modify a guardianship, and to bring a grievance against the guardian. Ohio Guardianship Guide, by the Ohio Attorney General,12-14. Additionally, in a proceeding in which the guardian and the ward appear to have adverse interests, "the court shall appoint a guardian ad litem" to represent the ward. R.C. 2111.23.

{¶11} Here, Carpenter filed a motion stating her objections to the guardian's motion to restrict her visitors. Carpenter's motion indicated that she wished to be present and participate in the hearing on the matter. By local rule, the ward has a right to be present at court proceedings. However, no notice of the hearing date was sent to Carpenter, even after she requested such notice. No notice of the hearing date was sent to Cook, even though the motion indicated that Carpenter wished him to represent her at the hearing. No guardian ad litem was appointed for Carpenter, even though the motion indicated that Carpenter's wishes

were adverse to those of Hypes. The entry granting Hypes' motion indicated that neither Carpenter nor an independent representative for Carpenter was present to argue Carpenter's position. Although there is no statutory mechanism for Carpenter's objections to Hypes' actions, the superintendence rules do require the trial court to have a mechanism for such a challenge. There is nothing in the record to indicate that Carpenter's stated interests were given any consideration by the trial court. The trial court has a responsibility to consider the wishes of the ward, yet the record contains no indication that the trial court spoke with Carpenter prior to entering a ruling. The trial court also failed to abide by its own rule providing a ward with the right to appear at the hearing. Therefore, Carpenter was denied her due process and the third assignment of error is sustained.

{¶12} Having found error prejudicial to the appellant, the judgment of the Marion County Court of Common Pleas, Probate Division is reversed and the matter is remanded for further proceedings.

*Judgment Reversed*
*And Remanded*

**PRESTON and ROGERS, J.J., concur.**

**/hls**