[Cite as *In re Guardianship of Chieu*, 2018-Ohio-4937.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF: | : | CASE NO. CA2018-05-112 |
|  | : |  |
| THICH MINH CHIEU | : | O P I N I O N 12/10/2018 |
|  | : |  |
|  | : |  |
|  | : |  |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PG16-08-0135

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044 and Carl Ferris, 225 Court Street, P.O. Box 541, Hamilton, Ohio 45012, for appellants

Hong Van Thi Nguyen, 8604 Beckett Pointe Drive, West Chester, Ohio 45069, appellee, pro se

**PIPER, J.**

{¶ 1} Appellants, Thich Minh Chieu and members of his family, appeal a decision of the Butler County Court of Common Pleas, Probate Division, appointing appellee, Hong Van Nguyen, guardian of Chieu.[1]

{¶ 2} When Chieu was 16 years old, he wed through an arranged marriage. He

---

1. According to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

then had seven children with his legal wife. In 1975, Chieu and his family moved to America from Vietnam due to political unrest. Chieu also fathered Nguyen and another child with a different woman, who he considered his soul mate and true wife.[2] Nguyen eventually came to live in West Chester, Ohio.

{¶ 3} Chieu later rejected private life and devoted himself to Buddhism. He entered a Buddhist temple in Seattle, Washington to live and train. Chieu eventually became the temple's abbot or "master." Chieu remained at the temple as its leader for 32 years, and planned on living permanently there until his death. However, Chieu was diagnosed with dementia and his overall health began to decline.

{¶ 4} When Nguyen learned that Chieu lost five of his teeth, she became concerned that her father was being medically neglected. She also became concerned Chieu was not receiving his medication correctly and was not being properly clothed. Nguyen asked service agencies in Seattle to investigate Chieu's well-being based on her concerns. Although the investigators did not find evidence of neglect, Nguyen traveled from West Chester to Seattle to inquire about her father's health. After Chieu's healthcare providers refused to speak with Nguyen without a power of attorney ("POA"), Chieu executed the necessary paperwork and named Nguyen his agent and guardian through a durable POA. With her authority as POA for Chieu, and with his consent, Nguyen eventually decided to gather Chieu's belongings from the temple so she could provide for his care.

{¶ 5} Nguyen and Chieu returned to West Chester where she began to provide for his care. Chieu moved into Nguyen's home, and Nguyen obtained Social Security benefits for Chieu in Ohio. Once Nguyen moved for guardianship of Chieu, a court investigator

---

2. Chieu's legal wife and children seemingly dispute Nguyen's parentage and deny her claim that Chieu considered her mother his soul mate. The record contains sparse information about Chieu's marriage, love-life, and familial history. However, the core issue on appeal is jurisdiction, which does not require a fully-developed factual record regarding who Chieu considered his true wife. We therefore offer limited background information for the sole purpose of context and to foster understanding of how the parties relate. However, we do not take any disputed facts into consideration when determining the merits of the appeal.

interviewed Chieu regarding Nguyen's petition. The investigator issued a report indicating that Chieu resided in West Chester and that Chieu consented to the guardianship. The court found Chieu incompetent based on his dementia and appointed Nguyen his guardian.

{¶ 6} Several months after Nguyen's appointment, some members of Chieu's family – including his legal wife, some of his children, and a niece and nephew – filed a motion to dismiss the appointment of Nguyen as guardian for lack of jurisdiction. The probate court appointed Chieu counsel because the issue had become contested, and Chieu's counsel also moved the court to dismiss the guardianship for lack of jurisdiction.

{¶ 7} A magistrate heard the matter and denied the motion. Chieu's family filed objections to the magistrate's decision, and Chieu's attorney appeared on his behalf at the objection hearing. The probate court overruled the objections and adopted the magistrate's recommendation. Chieu's family members, as well as Chieu through his appointed counsel, now appeal the probate court's decision.

{¶ 8} While the parties and probate court addressed whether Chieu's family had standing to raise the motion to dismiss, we focus our review on the statutory basis of R.C. 2111.02(A). Regardless of which parties lacked standing, Chieu himself is a party to this appeal and has standing.

{¶ 9} Normally, we note that a "person seeking to appeal the decision of a probate court in a guardianship proceeding must have been a party to those proceedings to have standing to appeal the probate court's decision." *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, ¶ 14. The Ohio Supreme Court has noted that being related to the ward is not enough to confer standing, nor is receiving notice of the proceedings. *Id.* Instead, the court determined that "additional action is required to become a party with the right to appeal. Filing an application to be appointed guardian is one avenue to becoming a party, but a person may also file a motion to intervene pursuant to Civ.R. 24." *Id.* The record

is clear that Chieu's family did not file a motion to intervene, and merely challenged jurisdiction. While Chieu's family may not have proper standing to challenge the probate court's jurisdiction, we still address the merits of the appeal because Chieu also challenges jurisdiction in this *in rem* proceeding. The following assignment of error has been raised for our consideration:

{¶ 10} THE PROBATE COURT LACKED JURISDICTION OVER THE GUARDIANSHIP.

{¶ 11} Chieu argues that the probate court lacked subject matter and personal jurisdiction to appoint Nguyen guardian so that the motion to dismiss should have been granted.

{¶ 12} Jurisdiction requires that a court have statutory or constitutional power to adjudicate the case, and the term encompasses jurisdiction over the subject matter and over the person. *Pratts v. Hurley*, 102 Ohio St. 3d 81, 2004-Ohio-1980, ¶ 11. Subject matter jurisdiction, which speaks of the power of the court to adjudicate the merits of a case, can never be waived and may be challenged at any time. *Id.* According to 2101.24(A)(e), probate courts have exclusive subject matter jurisdiction to appoint and remove guardians.

{¶ 13} "Guardianship proceedings, including the removal of a guardian, are not adversarial but rather are in rem proceedings involving only the probate court and the ward." *In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, ¶ 53. "When jurisdiction is in rem, due process requires the res of the action to be within the court's territorial jurisdiction in order for subject matter jurisdiction to exist." *In re Guardianship of Richardson*, 172 Ohio App.3d 410, 2007-Ohio-3462, ¶ 44 (2d Dist.).[3]

{¶ 14} According to R.C. 2111.02(A), "if found necessary, a probate court on its own

---

3. Chieu incorrectly argues that the probate court lacks personal jurisdiction over him based on a lack of minimum contacts with Ohio as if he were a defendant in a civil case rather than a ward in an in rem proceeding.

motion or on application by any interested party shall appoint * * * a guardian of the person * * * provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county."

{¶ 15} Residence requires the "actual physical presence at some abode coupled with an intent to remain at that place for some period of time" while a legal settlement "connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks." *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶ 19.

{¶ 16} Therefore, for the probate court to have exercised proper jurisdiction, including both subject matter and personal jurisdiction, over the guardianship issue, Chieu must have been either a resident of or had a legal settlement in Butler County. After reviewing the record, we find that the Butler County Probate Court properly held jurisdiction in this matter.

{¶ 17} The record contains a limited factual basis given Chieu's request that the probate court focus only on jurisdiction during the hearing. Even so, there are sufficient undisputed facts in the record to establish that at the time the probate court appointed Nguyen as guardian in October 2016, it had proper jurisdiction because, at a minimum, Chieu had already established his legal settlement in West Chester, Ohio. Specifically, the evidence establishes that Chieu left Seattle and settled in his daughter's home in a manner that denotes an ongoing stay rather than a short visit.

{¶ 18} The record contains evidence that in July 2016, Chieu left the temple with this daughter and flew to Ohio using one-way tickets. No return travel arrangements were ever made. Chieu executed the necessary paperwork to make Nguyen his agent and preferred guardian, and he continued to agree with her guardianship *after* he had been living in Nguyen's Ohio home. A Social Security statement included in the record demonstrates that as of August 2016, Chieu was "living in the State of Ohio," and that Chieu received mail at Nguyen's West Chester home. Chieu established and received benefits in Ohio, which

demonstrates his intent to remain in Ohio for an ongoing period rather than a few days or weeks.

{¶ 19} The record also contains minutes from a meeting held by the Chua Viet Nam Administration Council, which occurred in September 2016. At that meeting, the council discussed Chieu's absence from the temple and his living with Nguyen. The council noted that Chieu left the temple accompanied by his daughter, and "with his wise consent." After noting that Nguyen had valid and legal paperwork showing her control over Chieu's health and social concerns, the council voted not to ask Chieu to return to the temple to act as its master.[4]

{¶ 20} The meeting minutes indicate that members of the council considered Nguyen's request that before Chieu return to the temple as master, the temple hire someone to provide 24-hour care, allow Chieu's children to care for their father at the temple, and that a previous caregiver have no contact with Chieu upon his return. However, the council worried that meeting these requests would force the temple to act as a "Nursing Home," and voted not to ask Chieu to return to the temple "in order to avoid future legal proceedings regarding responsibilities as a Nursing Home and a patient." Moreover, the council indicated that it agreed with and respected Nguyen's decision to care for Chieu in Ohio and did not ask Chieu to return from Ohio "due to burdens and high responsibility for the Temple to bear in the future."

{¶ 21} The probate court also heard testimony from one of Chieu's children from his legal marriage, specific to the family's contention that Chieu should not have left the temple and that no one agreed to his living with Nguyen. During his testimony, the child

---

4. The file contains multiple letters from members of the temple indicating their desire to have Chieu return to the temple for purposes of living out the remainder of his days as a devoted monk and dying in the temple. However, the temple has not abandoned its decision that Chieu will not be asked to return to the temple as master.

acknowledged that the family trusted Nguyen to take care of Chieu and understood his stay with Nguyen was to exceed "a few weeks. Maybe a few months."

{¶ 22} The probate court further considered information contained in the Investigator's Report, which was compiled by a court-appointed investigator and filed as part of Nguyen's petition for guardianship. Within the report, the investigator stated Chieu's residence as Nguyen's West Chester address, and noted Chieu's agreement with the ongoing guardianship in Ohio. Specifically, the investigator noted that Chieu "wants his daughter to continue taking care of him and helping him," and that Chieu "is in agreement with the guardianship."

{¶ 23} The evidence contained in the record clearly demonstrates Chieu's legal settlement in West Chester, Ohio was established at the time the probate court appointed Nguyen guardian in October 2016. Chieu voluntarily executed a POA and went with his daughter to Ohio, and has shown his continual agreement with the guardianship. He has continued receiving benefits and correspondence at the West Chester address, which also demonstrates Chieu's residency in Ohio with a degree of permanency greater than a mere visit lasting a few days or weeks.

{¶ 24} This is especially true where Chieu's biological family supported Chieu being in Nguyen's care for months, and not filing any motions disagreeing with Nguyen's guardianship until several months had passed. Nor did the family file motions to intervene. Moreover, the temple voted not to ask Chieu to return to lead its congregation based on its fear of being held to the legal standards of providing Chieu care as a nursing home. There is simply no indication in the record that Chieu planned on leaving Nguyen's care or her home in West Chester to return to Seattle or that he was in any condition to do so.

{¶ 25} While Chieu argues that the probate court lacked subject matter and personal jurisdiction, the record clearly indicates that the relevant statute conferred proper jurisdiction

and that the probate court was authorized to appoint a guardian in this case because Chieu had established, at the very least, a legal settlement in West Chester at the time Nguyen petitioned the Butler County court.

{¶ 26} Whether Nguyen is a proper guardian was not challenged at the time she petitioned for guardianship and that issue was not addressed at the hearing below. Instead, the only decision made by the probate court was that it held proper jurisdiction to appoint Nguyen guardian. We agree, and therefore overrule Chieu's single assignment of error.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.